**Shelene K. REED, Relator,**

v.

**Hon. Tom KENYON, Judge, Respondent.**

**No. 01–86–0460–CV.**

Court of Appeals of Texas, Houston (1st Dist.), 1986.

July 31, 1986.

Norman C. Dean, Law Offices of Norman C. Dean, New Braunfels, for relator.

Thomas Kenyon, James A. Blackstock, Angleton, for respondent.

Before HOYT, DUGGAN and DUNN, JJ.

OPINION

Original Proceeding on Writ of Mandamus

HOYT, Justice.

This is an original mandamus proceeding by Relator Shelene K. Reed seeking an order from this Court to compel the Honorable Tom Kenyon, Judge of the 300th Judicial District Court in Brazoria County, Texas, to transfer a contempt action brought by the child's father, George Reed ("father"), from Brazoria to Comal County.

We conditionally grant the writ of mandamus.

The 300th Judicial District Court is the court of continuing jurisdiction for all suits affecting the parent-child relationship between the Reeds and their child, Patrick Raymond Reed. Tex.Fam.Code Ann. sec. 11.05 (Vernon Supp.1986). After Relator brought a motion for contempt against the father for failure to pay child support, the father brought a "Cross-Motion for Contempt" alleging that Relator violated a court order giving him visitation rights ("the father's motion"). Because Relator was served with a copy of the father's motion on March 18, 1986, just one day before the hearing on her motion, Respondent continued the cross-motion so that it could be heard after Relator had sufficient notice. Respondent then proceeded to hear and dispose of Relator's motion concerning the father's alleged nonpayment of child support.

Eight days later, on March 26, 1986, before a hearing was held on the father's motion, Relator mailed to the District Clerk a motion to transfer the proceeding to Comal County. On the same day, she delivered a copy by registered mail to the father's attorney. The motion alleged that Patrick Raymond Reed had resided in Comal County with Relator for more than six months, and contained Relator's sworn affidavit that she and her son had been residents of Comal County for more than five years.

Instead of filing and docketing Relator's motion, as required by Tex.R.Civ.P. 21, the clerk returned the motion on March 31, 1986, "per Judge Kenyon's instructions," and requested $38 in service fees. Relator returned the motion to the clerk on April 4, 1986, explaining that the motion required no service, as evidenced by her certificate of service and lack of request for service. Again, instead of filing Relator's motion, the clerk kept the motion until May 8th, when she returned it "per Judge Kenyon's instructions," along with a letter asking Relator to return it if it was to be filed. The clerk sent a copy of this letter to the father's attorney. On May 13, 1986, Relator again returned the motion to the clerk, requesting that the motion be immediately filed and outlining the previous attempts at service. Finally, on May 16, 1986, the clerk filemarked the motion to transfer and retained it with the other documents in the cause.

Although he had received a copy of Relator's motion to transfer on March 28, 1986, the father waited until May 14th to file a general denial. On May 22, 1986, he also filed a controverting affidavit. The controverting affidavit alleged that the motion to transfer was filed on May 16, 1986, and contended only that Relator's motion was untimely filed. On May 23, 1986, Relator mailed a letter and proposed transfer order to Respondent. On June 12th the clerk informed Relator that Respondent refused to sign the order transferring the proceedings to Comal County. The clerk also told Relator that the father's motion would be heard on June 18, 1986.

Subsequently, Relator brought this proceeding, and on June 17, 1986, this Court granted leave to file a petition for writ of mandamus.

██ Because she timely filed her motion to transfer, and the father failed to file a timely controverting affidavit, Relator contends that the trial court must transfer the proceedings to Comal County prior to the hearing on the father's motion.

Tex.Fam.Code Ann.sec. 11.06 (Vernon Supp.1986) provides in pertinent part that:

(b) If a petition for further action concerning the child ... or enforcing a decree is filed in a court having continuing jurisdiction of the suit, on timely motion of any party, the court shall transfer the proceeding where venue is proper on the basis of either a supporting affidavit or after a hearing when a controverting affidavit contesting the venue has been filed.... If the child resided in another county for six months or longer, the court shall transfer the proceeding to that county....

....

(f) A motion to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are filed. A motion to transfer by any other party is timely if it is made on or before the Monday next after the expiration of 20 days after the date of service of citation or notice of the action or before the commencement of the hearing, whichever is sooner. If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall be transferred promptly without a hearing to the proper court.

. . . .

(g) On or before the Monday next after the expiration of 20 days after the date of notice of a motion to transfer is served, a party desiring to contest the motion must file a controverting affidavit denying that the grounds for the transfer exist.

. . . .

(h) If a controverting affidavit contesting the motion to transfer is filed, each party is entitled to at least 10 days' notice of the hearing on the motion to transfer.

. . . .

(i) . . . . An order transferring or refusing to transfer the proceeding is not subject to interlocutory appeal.

In the absence of a statute requiring a fee to be paid or some other act to be done before filing, a paper is regarded as filed when it has been placed in the custody of the clerk of the court for filing. *Newsom v. Boyd,* 203 S.W.2d 874 (Tex.Civ.App.—Galveston 1947, no writ). We hold that Relator's motion was timely filed on March 31, 1986.

Where a timely motion to transfer has been filed and no controverting affidavit has been filed within the period provided by statute, no hearing is required. The trial court has no discretion, and it must transfer the case. Section 11.06(f).

The father's response was untimely. The statute determines the answer date by reference to the *receipt of notice,* not the *date of filing,* of the motion to transfer.

The father received notice of the motion to transfer on March 28th, and should have filed a controverting affidavit by April 21, 1986 (the Monday next following 20 days after the notice of motion to transfer was served). The father's response filed on May 14th, and controverting affidavit filed on May 22nd, were both untimely.

When the father failed to timely file a controverting affidavit to Relator's affidavit setting up venue in Comal County, the mandatory transfer provisions in section 11.06(b) and (f) were invoked. *Leonard v. Paxon,* 654 S.W.2d 440 (Tex.1983); *Brines v. McIlhaney,* 596 S.W.2d 519 (Tex.1980); *Cassidy v. Fuller,* 568 S.W.2d 845 (Tex. 1978). Only the ministerial duty to transfer the cause remained.

■ This result is not altered by the father's argument that his motion for contempt was a "Cross-Motion for Contempt" filed in opposition to Relator's motions. Each motion for contempt seeks a separate remedy requiring compliance with the rules of procedure for both filing and obtaining jurisdiction of the person complained of. *See* Tex.R.Civ.P. 21a; 308–A. This is not to say that motions for contempt cannot be heard together. Tex.R.Civ.P. 41. But, when the court chooses to hear the motions separately, whether because of lack of notice or some other reason, and a judgment or order is entered in the first proceeding, the second motion must then be treated as a separate proceeding, and the respondent in the second motion for contempt is not presumed to have waived any defenses or motions that he may have simply because he, as petitioner, initiated the first proceeding.

Furthermore, a "cross-motion" for contempt against the managing conservator for refusal to allow visitation is not an affirmative defense to the managing conservator's motion for contempt for failure to pay child support. *Compare Gani v. Gani,* 500 S.W.2d 254 (Tex.1973). It represents an independent basis for relief, even though the trial court, acting within its discretion, may try two actions together.

This Court has the duty to issue writs of mandamus to require a trial judge to perform a duty imposed by law, when there is no other adequate remedy by law. Tex. Gov.Code Ann. sec. 22.221 (Vernon Supp. 1986). *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916 (Tex.1985).

Accordingly, we hold that the trial judge has only the ministerial duty to transfer the current proceeding to Comal County, and we are confident that the trial judge will do so in accordance with this opinion. Only if such duty is not performed will the writ of mandamus issue.