Petra Salazar BOTELLO, Appellant,

v.

Francisco SALAZAR, Appellee.

No. A14–87–379–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 11, 1988.

Ernestine Walker Dansby, Houston, for appellant.

Daniel Perez, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

This appeal is from an order of the trial court sustaining appellee's special appearance and dismissing appellant's cause of action. At issue is whether the trial court had *in personam* jurisdiction over appellee. We reverse.

In July 1979, a divorce was granted to appellant and appellee in the 224th District Court of Bexar County, Texas. Appellant was appointed managing conservator of the five minor children born to the marriage, and appellee was ordered to pay support in the sum of $7.00 per child per week "until the child with respect to whom payments are made shall attain the age of eighteen." On June 24, 1986, appellant filed in the 224th district court a motion to transfer, requesting the court to transfer "this proceeding" to the district court of Harris County, Texas. In the motion, appellant alleged that the four children who had not yet reached eighteen years of age had resided in Harris County since August 15, 1980. She alleged that Harris County, therefore, was the proper county to which to transfer the proceeding and requested that notice issue to appellee, who also resided in Harris County. Her proper affidavit was attached to the motion. Citation was issued and served upon appellee, and he did not contest the motion. On September 15, 1986, an order was signed by the judge of the 224th district court transferring the "suit" to Harris County. Specifically, the order provided that "the complete files in all matters affecting the children" were ordered transferred. After the transfer was docketed in the 245th District Court of Harris County, appellant filed a Motion for Contempt, Motion to Reduce Unpaid Child Support to Judgment and Motion for Involuntary Assignment of Earnings. Following service upon appellee, he filed a special appearance contending the 245th district court did not have *in personam* jurisdiction over him because at the time of the transfer from the Bexar County district court "there existed no suit affecting the parent-child relationship nor 'proceeding' subject to being transferred."

The prayer to the special appearance was that the court "find that his person and property are not amendable [sic] to process issued by the Courts of Harris County, Texas."

In two points of error appellant contends the trial court erred in sustaining the special appearance because the Bexar County district court transferred jurisdiction to Harris County after obtaining jurisdiction over appellee and because *in personam* jurisdiction was obtained over appellee when he was served with notice of the proceedings filed in the Harris County district court. Appellee, on the other hand, contends that since no "proceeding" was pending in Bexar County, there was nothing to transfer to Harris County. Therefore, he argues, but without citation to any authority, that since "the transferee court did not acquire jurisdiction properly and Appellee did not submit to the transferee Court's jurisdiction, there can be no *in personam* jurisdiction, over Appellee." Appellee's basic premise, that since the Harris County district court did not acquire jurisdiction *properly,* that deprived it of *in personam* jurisdiction, is erroneous. While it is true that the Bexar County district court erroneously transferred the case to the Harris County district court because "a petition for further action concerning the child or a motion to modify or enforce a decree" had not been there filed, Tex.Fam. Code Ann. § 11.06(b) (Vernon 1986), this defect did not render its order of transfer void. A court's jurisdiction consists of two elements: jurisdiction of the subject matter and jurisdiction of the person. *Ex parte Bowers,* 671 S.W.2d 931, 935 (Tex.App.— Amarillo 1984, no writ); *Federal Underwriters Exchange v. Pugh,* 141 Tex. 539, 541, 174 S.W.2d 598, 600 (1943). It is only where one of these elements is missing that a judgment or order rendered by the court is void. *See Austin Indep. School Dist. v. Sierra Club,* 495 S.W.2d 878, 881 (Tex.1973).

Appellee does not dispute that he was a resident of Harris County, nor does he dispute that he was served with process; thus the Harris County district court's *in personam* jurisdiction over appellee was established. *See Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 200 (Tex.1985). It is also clear that as the court of continuing jurisdiction, the Bexar County district court had jurisdiction of the subject matter to the extent that it could appropriately transfer further proceedings concerning the children to another court determined to be the appropriate court. Such action was not void. *See Ex parte Bowers,* 671 S.W. 2d at 935; *Clayton v. Hurt,* 88 Tex. 595, 32 S.W. 876 (1895). In fact, under the proper circumstances, such transfer would have been mandatory since it appears that the children had resided in Harris County for over six months. Tex.Fam.Code Ann. § 11.06(b) (Vernon 1986); *Seay v. Valderas,* 643 S.W.2d 395, 396 (Tex.1982). Transfer also would have been mandated because of appellee's failure to respond to the motion to transfer. Tex.Fam.Code Ann. § 11.06(f) (Vernon 1986); *Reed v. Kenyon,* 713 S.W.2d 805, 807 (Tex.App.—Houston [1st Dist.] 1986, no writ). It may be that, by contesting the Harris County district court's continuing exclusive jurisdiction and not just its *in personam* jurisdiction, appellee waived any lack of *in personam* jurisdiction by making such an assertion in his special appearance. *See* Tex.R.Civ.P. 120a; *Oliver v. Boutwell,* 601 S.W.2d 393, 395 (Tex.Civ.App.—Dallas 1980, no writ); *Crockett v. Crockett,* 589 S.W.2d 759, 763 n. 2 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). However, appellant makes no such contention, and that is not before us in this appeal.

It is without question that the trial court had *in personam* jurisdiction over appellee, and the court therefore erred in sustaining his special appearance and ordering the proceedings dismissed. Appellant's two points of error are sustained.

What we have said above, however, is not to be taken as holding that one has no relief against an unauthorized transfer. As stated by the Amarillo court in *Ex parte Bowers,* 671 S.W.2d at 936:

We realize that the prohibition against interlocutory appeal of a transfer order, Tex.Fam.Code Ann. § 11.06(i) (Vernon Supp.1984); *Brown v. Brown,* 566 S.W.

2d 378, 380 (Tex.Civ.App.—Corpus Christi 1978, no writ), limits the avenues of relief available when a case is erroneously transferred. However, if the injured party is aware of the transfer order before it becomes final under Rule 329(d), Tex.R.Civ.Pro., he can petition the court that ordered the transfer to vacate its order or, failing that, seek a writ of mandamus in the appropriate appellate court. *Seay v. Valderas*, 643 S.W.2d 395, 397 (Tex.1982); *French v. Harris*, 658 S.W.2d [690] at 691–92 [Tex.App. 1983]. If that remedy is unavailable, he can file a plea in abatement in the transferee court, *see Curtis v. Gibbs*, 511 S.W. 2d 263, 267 (Tex.1974), and if that is unsuccessful, seek a writ of mandamus in the appropriate appellate court. *Compare Cassidy v. Fuller*, 568 S.W.2d 845, 847 (Tex.1978); *and Curtis v. Gibbs, supra, with* Tex.Rev.Civ.Stat.Ann. § 1824 (Vernon Supp.1984).

The order of the trial court is reversed, and this cause is remanded to the trial court.