**In the Interest of M.R.M. & E.E.M.**

**No. A14–90–00259–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 14, 1991.
Rehearing Denied March 14, 1991.

Curtis C. Mason, Huntsville, for appellant.

Herbert Burns, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

OPINION

CANNON, Justice.

This is a child custody case. This appeal arises from the order of the 314th district court of Harris County declaring a prior order of the 288th district court of Bexar County void. We affirm.

On May 24, 1983, the Texas Department of Human Resources filed an Original Petition In Suit Affecting The Parent–Child Relationship in the 288th district court of Bexar County. Both Jimmy Mack and Helen Marshall waived service and appeared in that suit. Helen Marshall was, and continues to be, legally married to Kent Marshall. On June 6, 1983, the 288th district court entered a support order in cause no. 83CI-08207. That order declared that Jimmy Mack and Helen Marshall entered into a common-law marriage in 1981 and required that Jimmy Mack pay support for the child of that marriage, M.R.M.

In October 1987, the Harris County Children's Protective Services filed this Suit For The Protection Of A Child In An Emergency And Original Petition To Terminate Parent–Child Relationship. The suit was filed in the 314th district court of Harris County and alleged physical abuse of both M.R.M. and E.E.M. The parents, Helen and Kent Marshall, were served with citation notifying them of the pending action. Helen Marshall and the attorney ad litem for the children filed an answer. Contrary to statutory requirements, Jimmy Mack was never served with citation notifying him of the suit in the 314th district court. TEX.FAM.CODE ANN. § 11.09(a)(4) (Vernon Supp.1991). At some point not reflected in the record, the children's paternal grandmother, Hester Thompson, filed a Petition To Intervene in the 314th district court requesting that the court appoint her managing conservator of the children. The court report prepared by the Harris County Children's Protective Service reflects that the children had been previously placed in Hester Thompson's care. In July of 1989, Hester Thompson filed a motion to transfer in the 288th district court. Thompson attached an affidavit to that motion declaring that the children's residence had been in Harris County for the preceding six months. The motion also requested the transfer of papers from the prior suit in 288th district court to the pending suit in the 314th district court. On September 12, 1989, the 288th district court granted Thompson's motion to transfer. On December 1, 1989, Jimmy Mack filed an appearance of counsel in the 314th district court.

On December 4, 1989, a hearing was held in the 314th district court regarding a custody agreement. All parties were represented at this hearing, including Jimmy Mack. On December 21, 1989, the 314th district court entered an Order In Suit Affecting The Parent–Child Relationship. That order declared that the prior support order entered in the 288th district court was void. The order also declared that Jimmy Mack lacked standing to seek conservatorship or possessory rights of M.R.M. The order further appointed Hester Thompson as sole managing conservator, and Helen and Kent Marshall as possessory conservators, of M.R.M. and E.E.M. On January 10, 1990, Jimmy Mack filed his motion for new trial alleging he was the biological father of M.R.M. and that the prior support order was valid. After a hearing held on February 26, 1990, the court entered an amended order denying Mack's motion on March 19, 1990. Jimmy Mack brings this appeal from the court's December 21st order.

In his first point of error, Mack contends the court erred when it found that the prior support order entered by the 288th district court was void since that order could not be set aside except by bill of review filed in the 288th.

■ Section 11.06(b) of the Texas Family Code provides in part that "if the child [has] resided in another county for six months or longer, the court shall transfer the proceeding to that county." This section is mandatory. *Seay v. Valderas*, 643 S.W.2d 395, 396 (Tex.1982). Furthermore, the mandatory transfer provisions of 11.06(b) are not limited to the motions of those who were parties in the original proceeding. *Walker v. Miller*, 729 S.W.2d 120, 122

(Tex.App.—Dallas 1987, no writ). Grandparents are "parties" within the meaning of section 11.06(b) because, by intervening, they have become parties in the pending action to modify the original decree. *Id.*

Hester Thompson, the paternal grandmother, filed a motion to transfer in the district court that had continuing jurisdiction. The certificate of service attached to that motion declares that a copy was sent to Jimmy Mack. While the motion to transfer may not have entirely complied with the statutory requirements, Mack never attacked the validity of that motion by controverting affidavit. TEX.FAM.CODE ANN. § 11.06(b, f) (Vernon 1975); *See Sokolosky v. McFall,* 750 S.W.2d 35, 37 (Tex. App.—Amarillo 1988, no writ).

 A court's jurisdiction consists of two elements: jurisdiction of the subject matter and jurisdiction of the person. *Botello v. Salazar,* 745 S.W.2d 540, 541 (Tex. App.—Houston [14th Dist.] 1988, no writ). When one of these elements is missing, the judgment or order rendered by the court is void. *Id.* The 314th district court acquired subject matter jurisdiction when the 288th district court as the court of continuing jurisdiction transferred the case to the 314th for further proceedings concerning the Marshall children. *See id.* The 314th district court also acquired *en personam* jurisdiction over Mack when his attorney filed an appearance of counsel and appeared on his behalf at the December 4th hearing.

Once the 314th district court acquired continuing jurisdiction, it had the power to enforce or set aside the order of the 288th district court. *See Fassy v. Kenyon,* 675 S.W.2d 217, 219 (Tex.App.—Houston [1st Dist.] 1984, no writ) (citing TEX.FAM.CODE ANN. § 11.06(k).). While the Harris County Children's Protective Services could have filed a bill of review to set aside the order of the 288th district court, such a procedure was not required. *See id.* We overrule Mack's first point of error.

In his second point of error, Mack contends the court erred in denying his motion for new trial since "the court had notice that he was the biological father of the children." Mack states that the court had notice by virtue of his statement of paternity attached to his motion for new trial and by the appearance of counsel filed by his attorney. Mack concludes that since the court had notice that he was the biological father of the Marshall children, he was a necessary party to the suit.

 A motion for new trial is addressed to the trial court's discretion and the court's ruling on such will not be disturbed on appeal in the absence of a showing of an abuse of that discretion. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex. 1984). The record of the hearing on the motion for new trial reflects that Helen and Kent Marshall were legally married on May 10, 1980, and have remained married since that time. Both Marshall children were born during this marriage.

 A man is presumed to be the biological father of a child if he and the child's mother were married at the time the child was born. TEX.FAM.CODE ANN. § 12.02(a)(1) (Vernon Supp.1991). Only a husband or wife is entitled to deny the husband's paternity of a child who is the subject of a suit and who was born or conceived during the marriage of the parties. TEX.FAM.CODE ANN. § 12.06. In fact, the Family Code prohibits a man from alleging he is the father of a child born during a marriage to rebut the presumption that the husband is the father. *Jack v. Jack,* 796 S.W.2d 543, 548 (Tex.App.—Dallas 1990, no writ). Section 13.01 states that a paternity suit may be brought only for a child who has no presumed father. *Id.* Both Helen and Kent Marshall were served in this suit and neither denied paternity.

 Mack argues that the 288th district court declared that he was common law married to Helen Marshall since 1981 and that he was the biological father of her ·children. That court incorrectly found a common law marriage since even a common law marriage is void if either party was previously married and the prior marriage is not dissolved. *Braddock v. Taylor,* 592 S.W.2d 40, 42 (Tex.App.—Beaumont 1979, writ ref'd n.r.e). Furthermore,

the 288th district court did not make any findings regarding paternity. Jimmy Mack never established that he was the presumed biological father and was never adjudicated to be the biological father of the Marshall children. TEX.FAM.CODE ANN. § 11.01(3) (Vernon Supp.1991). Hence, the court correctly declared the prior support order void and did not abuse its discretion in overruling Mack's motion for new trial.

In his third point of error, Mack contends the court erred when it failed to dismiss this suit without prejudice since "it discovered another court was the court of continuing jurisdiction." In support of this contention, Mack cites section 11.071 of the Family Code. That section provides in part:

(a) The petitioner or the court shall request from the Texas Department of Human Services identification of the court that last had jurisdiction of the child in a suit affecting the parent-child relationship *unless:*

(1) the petition alleges that no court has continuing jurisdiction of the child, and the issue is not disputed by the pleadings;

. . . . .

(d) If the court in which a petition in a suit affecting the parent-child relationship is filed determines that another court has continuing jurisdiction of the child, the court in which the petition is filed shall dismiss the suit without prejudice (Emphasis supplied).

The petition filed by the Harris County Children's Protective Services specifically alleged that no other court had continuing jurisdiction. Both Helen Marshall and the attorney ad litem for the children filed general denials. Furthermore, as earlier noted, Jimmy Mack's attorney appeared in this cause and never contested the transfer. We find that the issue of continuing jurisdiction was not disputed in the pleadings and, therefore, the Harris County Children's Protective Service was not required to make a request to the Texas Department of Human Services. Thus, the court did not err in refusing to dismiss this suit. We overrule Mack's third point of error and affirm the order of the trial court.