**$23,900.00, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–93–01170–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 13, 1995.

---

W. Troy McKinney, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before YATES, FOWLER and CANNON,* JJ.

## OPINION

YATES, Justice.

This is a forfeiture case. Appellant, Samuel Fuentes Guizar, appeals from a judgment of forfeiture in favor of appellee, The State of Texas (the State). In its judgment, the trial court ordered the forfeiture of $23,900.00 cash seized during a search of a residence occupied by appellant and his wife. Appellant raises seven points of error complaining that testimony of the State's only witness, Houston Police Department Officer Daniel A. Rosales, should have been excluded because of alleged defects in the State's answers to interrogatories. We affirm.

In the early evening hours of May 17, 1993, Officer Rosales met appellant in the parking lot of the Stop–N–Go located at 75th and Canal in Houston. At that time, Officer Rosales obtained appellant's written consent to search the residence at 5634 Northridge in Harris County, Texas. Officer Rosales, other HPD officers, and appellant proceeded to the residence. At appellant's direction, the

---

* The Honorable Bill Cannon sitting by assignment.

officers found $23,900.00 cash wrapped in a plastic bag, a scale, and a large amount of tar heroin underneath a board in the bottom of a bathroom closet. Appellant told the police that the $23,900.00 was money he owed his supplier for the heroin in his possession.

In June 1993, the State filed a notice of seizure and intended forfeiture. Appellant filed an answer. Trial was before the court on November 16, 1993. On November 22, 1993, the trial court rendered judgment ordering that the $23,900.00 cash be forfeited and distributed among various government agencies. Following the denial of his Motion for Judgment Non–Obstante Veredicto, appellant perfected an appeal from the judgment of forfeiture.

■ In his first point of error, appellant contends the trial court erred in allowing Officer Rosales to testify because he was not properly identified by the State in its answers to interrogatories.

In interrogatory number two, appellant asked the State to "identify each person having knowledge of relevant facts, information, or opinions with respect to this lawsuit." In its answer, the State listed several potential witnesses, including Officer Rosales. The State explained Officer Rosales' involvement in the case; specifically, that he "assisted in the search of [appellant's] house and his arrest" and that he "recovered the narcotics and money which is the subject of this forfeiture." The State also provided an address and telephone number where Officer Rosales and the other potential witnesses could be reached: "61 Reinser, Houston, Texas. 713/247/9100." The State's answers to interrogatories were timely filed.

When the State called Officer Rosales to the stand as its first and only witness, appellant objected that Officer Rosales had not been properly identified in answers to interrogatories. The court overruled the objection. TEX.R.CIV.P. 215(5) (Vernon Supp. 1995) mandates that a party who fails to respond or to supplement his response to a discovery request shall not be entitled to present that evidence unless the trial court finds good cause to allow the admission of the evidence. *Stern v. State ex rel Ansel,* 869 S.W.2d 614, 627 (Tex.App.—Houston

[14th Dist.] 1994, writ denied). The sanction is automatic unless good cause is shown. *Alvarado v. Farah Mfg. Co., Inc.,* 830 S.W.2d 911, 914 (Tex.1992) (opinion on rehearing); *Stern,* 869 S.W.2d at 627.

Appellant contends that Officer Rosales' testimony should have been automatically excluded under Rule 215(5) because Officer Rosales was not properly identified in the State's answers to interrogatories. Appellant asserts the State failed to provide Officer Rosales' correct business address and telephone number and his residential address and telephone number. Appellant points out that according to the terms of the interrogatories, the State was required to identify Officer Rosales' "last known or present business and residential address and last known or present business and residential telephone number."

We disagree with appellant's contention that Officer Rosales was not properly identified. TEX.R.CIV.P. 166b(2)(d) (Vernon Supp. 1995) provides in pertinent part:

A party may obtain discovery of the identity and location (name, address and telephone number) of any potential party and of persons having knowledge of relevant facts.

The State complied with this rule. In answer to interrogatory number two, the State sufficiently identified Officer Rosales by name and provided the address and telephone number where he could be reached. This was confirmed by Officer Rosales at trial. Officer Rosales testified that while he was not stationed at 61 Reisner (the address listed in the State's interrogatory answer), that address was the headquarters for the Houston Police Department Personnel Division and his office could be reached by calling the telephone number listed in the interrogatory answer.

Rule 215(5) sanctions are appropriate when a party fails, under Rule 166b(2)(d), to disclose the witness's identity and/or location in answers or supplemental answers to interrogatories. *Alvarado,* 830 S.W.2d at 913–914 (and cases cited therein). This case does not involve a failure to disclose the witness's identity and location. *Compare with, Varner*

*v. Howe,* 860 S.W.2d 458, 464 (Tex.App.—El Paso 1993, no writ) (held that witness sufficiently identified where witness's nickname and her employer's address and telephone number were provided in answers to interrogatories); *Amsav Group v. American Sav. and Loan,* 796 S.W.2d 482, 486 (Tex.App.—Houston [14th Dist.] 1990, writ denied) (held that witness was sufficiently identified where party's answers to interrogatories merely referred to deposition in which witness was identified).

The purpose of the name, address, and telephone requirement of Rule 166(b) is to allow the opposing party to easily locate, interview, and depose the proposed witness. *Varner,* 860 S.W.2d at 464. Officer Rosales' statements show that he could have been contacted by using the answers given to the interrogatories. Nothing in the record shows otherwise. In fact, appellant's counsel admitted that he never tried to contact Officer Rosales at the address and telephone number provided by the State. Thus, we find the trial court did not err in finding that Officer Rosales was properly identified in the State's answers to interrogatories or in admitting Officer Rosales' testimony. Appellant's first point of error is overruled.

In his second point of error, appellant contends the trial court erred in allowing Officer Rosales to testify because the State's answers to interrogatories were unsworn. Appellant's sixth point of error complains of the admission of certain testimony by Officer Rosales on the same basis.

During a discussion with the court concerning whether Officer Rosales was sufficiently identified in the State's answers to interrogatories, appellant objected that those answers were unsworn. Appellant repeated this objection when the district attorney attempted to question Officer Rosales on direct examination about a post-arrest conversation he had with appellant. The trial court overruled both objections.

In the instant case, the interrogatories were addressed to "the State of Texas by and through its attorney of record, Brian Johnson, Assistant District Attorney...." Mr. Johnson signed the interrogatories and listed himself as the person who answered and

provided information. He did not verify his answers. Tex.R.Civ.P. 168(5) (Vernon Supp. 1995) provides in pertinent part: "the answers [to interrogatories] shall be signed and verified by the person making them and the provisions of Rule 14 [allowing verification by attorney] shall not apply." Although Rule 168 provides that an officer or agent of a governmental agency may answer interrogatories served on the agency, appellant contends the district attorney could not verify the answers under Rule 168. We need not address this contention because we find that the trial court did not err in admitting Officer Rosales' testimony.

Without citation to authority, appellant contends that the State's unsworn answers constituted no answers and, therefore, Officer Rosales' testimony should have been excluded under Rule 215(5). As this court observed in *Stern,* there is no authority for the proposition that failure to timely verify interrogatory answers results in an automatic exclusion of all witnesses. 869 S.W.2d at 628. As previously discussed, the Rule 215(5) sanction is proper only where there is a failure to disclose information in response to a request for discovery. The alleged defect in this case was failing to provide answers in proper form, not failing to respond. Appellant's counsel knew well in advance of trial that the State would call Officer Rosales as a witness.

If appellant was concerned about the reliability of the State's answers, the more appropriate procedure would have been for appellant to object before trial or file a pre-trial motion to compel under Rule 215(1)(b), or move for sanctions under Rule 215(2)(b). Prior to trial, appellant neither objected nor filed the appropriate motion under Rule 215. Thus, appellant cannot now complain. *Kramer v. Lewisville Memorial Hosp.,* 858 S.W.2d 397, 407 (Tex.1993) (held that complaint that interrogatory answers were not verified was waived where objection was not raised until trial). Further, when the alleged defect was finally brought to the district attorney's attention at trial, he offered to cure the alleged defect and could have easily done so. Indeed, under the circumstance of this case, it would have been a clear abuse of

discretion for the trial court to exclude the State's only witness on the basis of unsworn interrogatory answers. *See Smith v. Nguyen*, 855 S.W.2d 263, 266–268 (Tex.App.— Houston [14th Dist.] 1993, writ denied).

Just as we did in *Stern*, we decline to apply Rule 215(5) in the draconian manner requested by appellant where it is clear from the record that Officer Rosales' identity and location were fully disclosed and appellant was not "ambushed" at trial by the State's failure to verify the interrogatories. *See Stern*, 869 S.W.2d at 627. Consequently, we hold that the trial court properly admitted Officer Rosales' testimony. Appellant's second and sixth points of error are overruled.

■ In his third, fourth, and fifth points of error, appellant contends the trial court erred in allowing Officer Rosales to testify about certain statements appellant made to him during the search and seizure.

Each time the State attempted to elicit testimony by Officer Rosales about these statements, appellant objected on the ground that the statement was not disclosed in the State's answer to interrogatory number four. The trial court overruled these objections.

Interrogatory number four asked the State to "identify and describe in detail all communications between *you* and the Respondent in any way relevant to any issue in this lawsuit" (emphasis added). The State answered: "Plaintiff, State of Texas, has not had any communication with respondent other than those conducted with respondent's attorney of record." The parties argue about whether this interrogatory required the State to disclose communications between appellant and Officer Rosales, a non-party, or merely between appellant and the State through its attorney of record. We need not address this question because the statements at issue were disclosed in other interrogatory answers.

In particular, interrogatory number six asked the State to identify any statement made by appellant "whether it be written, oral, recorded or otherwise, to anyone, rele-

vant to any issue in this lawsuit...." In its answer and supplemental answer to this interrogatory, the State identified all the statements at issue.[1] We know of no case and appellant cites none, where a trial court excluded an individual's testimony in a situation similar to the one before us. The State gave appellant the information he needed to prepare for trial. We hold that the trial court properly admitted the complained of testimony. Appellant's third, fourth, and fifth points of error are overruled.

■ In his seventh point of error, appellant contends the trial court erred in admitting State's Exhibits numbers one through eight because the State failed to establish the search was legal.

State's Exhibits numbers one through eight are pictures of the drugs and the residence where they were found. When the State offered these exhibits, appellant objected as follows:

> Judge I'm going to object to the mention of each of these exhibits on the basis that they are the product of an illegal search of the premises—

> \*   \*   \*   \*   \*   \*

> That argument is based on the fact that the consent to search that was introduced should not have been introduced in violation of the Interrogatory no. 4. Therefore, the state was not able to prove the consent to search the premises.

The trial court overruled the objection and admitted the exhibits. Appellant argues that the State should have been precluded from proving the legality of the search because it failed to disclose evidence of appellant's consent in its answer to interrogatory number four. This contention is without merit.

The State's alleged failure in interrogatory number four to disclose appellant's consent has no bearing on the legality of the search. The State proved the search was legal on the basis of the consent to search form signed by appellant and admitted in evidence before the other exhibits were offered. The consent

---

1. Although appellant does not raise this issue by point of error, he suggests that the State's supplemental answer was untimely. However, ap-

pellant did not object at trial and, therefore, any error was waived. Tex.R.App.P. 52(a).

to search form as well as the offense report were provided to appellant pursuant to his request for production. Further, in its answer to interrogatory number thirteen, the State specifically informed appellant that "Plaintiff will offer the written consent to search form executed by Respondent." Other interrogatory answers also disclosed that the State intended to show that appellant consented to the search.

Clearly, the State disclosed the evidence it intended to offer at trial regarding appellant's consent. The trial court properly admitted State's Exhibits numbers one through eight. Appellants seventh point of error is overruled and the trial court's judgment is affirmed.