In the Interest of C.S. and D.S.

No. 2–98–034–CV.

Court of Appeals of Texas, Fort Worth.

July 9, 1998.

Publication Ordered July 17, 1998.

Bailey & Hodnett, L.L.P., Todd Hodnett, Fort Worth, for Appellant.

Tim Curry, Dist. Atty., Charles M. Mallin, Anne E. Swenson, David Curl, Nancy Dewees, Asst. Dist. Attys., Fort Worth, for Appellee.

Before LIVINGSTON, RICHARDS and BRIGHAM, JJ.

1. Chapter 262 of the Texas Family Code allows a governmental entity to take certain emergency measures and seek emergency relief that affects the parent-child relationship. *See* Tex. Fam.Code Ann. §§ 262.001–.204 (Vernon 1996 & Supp. 1998).

## OPINION

PER CURIAM.

### INTRODUCTION

Marti Brown appeals from the trial court's judgment terminating her parental rights to her children, C.S. and D.S. The issues we must decide are:

► Was subject matter jurisdiction transferred from the 304 th District Court in Dallas County to the 323 rd District Court in Tarrant County, so that the Tarrant County court had jurisdiction over the termination proceeding?

► Did the trial court err by not applying the doctrine of res judicata to limit the evidence admitted at trial?

► Because the Department of Protective and Regulatory Services (DPRS) did not supplement its discovery responses with Cynthia Wright's complete address, did the trial court err by allowing Wright to testify?

### TARRANT COUNTY COURT'S JURISDICTION

On May 27, 1994, the Dallas County court rendered a judgment of conservatorship in a suit affecting the parent-child relationship between Brown, C.S., and D.S. Consequently, except for chapter 262 actions,[1] the Dallas County court acquired continuing, exclusive jurisdiction over matters affecting the children. *See* Tex. Fam.Code Ann. §§ 155.001(a), (c), 155.002 (Vernon 1996) (providing that trial court generally acquires continuing, exclusive jurisdiction upon rendition of a final order).

On July 21, 1995, DPRS filed an original petition in a suit affecting the parent-child relationship in the Tarrant County court. The petition sought both a termination of Brown's parental rights and emergency protective orders under chapter 262. However, the Tarrant County court only addressed the request for emergency relief.

In January 1996,[2] the Dallas County court signed an order transferring the proceedings

2. Although the transfer order is dated January 30, 1995, the parties agree that the case was transferred in January 1996.

affecting C.S. and D.S. to the Tarrant County court. After the case was transferred, DPRS amended its petition in the Tarrant County court, again seeking termination of Brown's parental rights.

In her first point, Brown contends that the Tarrant County court never acquired subject matter jurisdiction over the termination proceeding because transfer of the case from Dallas County to Tarrant County was not done according to the transfer provisions in the Texas Family Code. Brown does not complain about the lack of notice or a hearing before the Dallas County court transferred the case. Indeed, the record shows that Brown had notice of the transfer issue—her attorney approved the transfer order as to form. Brown only contends that the transfer was improper because DPRS's motion to transfer was untimely.

Brown's basic premise is that, because the Tarrant County court did not acquire jurisdiction *properly*, it lacked jurisdiction over the termination proceeding. We disagree. Any defect in the transfer procedure did not render void either the Dallas County court's transfer order or the Tarrant County court's judgment in the termination proceeding. *See In re M.R.M.*, 807 S.W.2d 779, 781–82 (Tex. App.—Houston [14 th Dist.] 1991, writ denied) (holding that transfer order was not void, even though motion to transfer did not meet all statutory requirements); *Botello v. Salazar*, 745 S.W.2d 540, 541 (Tex.App.—Houston [14 th Dist.] 1988, no writ) (holding that transfer was not void, even though transfer was erroneous).

 A court's jurisdiction consists of two elements: subject matter jurisdiction and personal jurisdiction. *See Ex parte Bowers*, 671 S.W.2d 931, 935 (Tex.App.—Amarillo 1984, no writ) (citing *Federal Underwriters Exch. v. Pugh*, 141 Tex. 539, 174 S.W.2d 598, 600 (1943)). A trial court's order or judgment is not void unless one of these elements is missing. *See Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex.1973); *Bowers*, 671 S.W.2d at 935 (quoting *Clayton v. Hurt*, 88 Tex. 595, 32 S.W. 876, 877 (1895)).

 Brown does not dispute the Tarrant County court's jurisdiction over her person. Moreover, as the court of continuing, exclusive jurisdiction over matters concerning C.S. and D.S., the Dallas County court could transfer that jurisdiction to another court determined to be the appropriate court. In fact, under the proper circumstances, such transfer of jurisdiction would have been mandatory because, by the time DPRS filed its original petition in July 1995, the children had apparently resided in Tarrant County for over six months. *See* TEX. FAM.CODE ANN. § 155.201 (Vernon 1996); *see also Botello*, 745 S.W.2d at 541 (Tex.App.—Houston [14 th Dist.] 1988, no writ). We hold that the Tarrant County court acquired jurisdiction over the termination proceeding when it docketed the Dallas County court's order transferring the case. *See* TEX. FAM.CODE ANN. § 155.005(b) (Vernon 1996) (providing that jurisdiction of transferring court terminates on docketing of case in transferee court); *Bigham v. Dempster*, 901 S.W.2d 424, 430 (Tex.1995) (orig.proceeding)(same); *see also M.R.M.*, 807 S.W.2d at 782 (stating that transferor court acquired subject matter jurisdiction when court with exclusive, subject matter jurisdiction transferred the case, despite defective motion to transfer). We overrule point one.

SCOPE OF EVIDENCE AT TRIAL

In her second point, Brown complains that the trial court erred by not applying the doctrine of res judicata to limit the evidence admitted at trial.

The trial court held a pretrial hearing on Brown's motion to limit the scope of the evidence to be admitted at trial. At that hearing, Brown asserted that the doctrine of res judicata should prevent DPRS from putting on evidence in the Tarrant County case that had previously been used in the Dallas County proceeding that resulted in the May 1994 judgment of conservatorship. Brown did not elaborate on what evidence she wished to exclude. After hearing argument from counsel, the trial court denied the motion. On appeal, Brown complains, for the first time, that the trial court should not have allowed Anita Penny or Pat Sarles to testify

because the Dallas County court relied on their testimony in rendering the May 1994 judgment.

■ We hold that Brown has not preserved this complaint for appellate review. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the *specific* grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *See* TEX.R. APP. P. 33.1(a); *see also* TEX.R. EVID. 103(a)(1). If a party fails to do this, error is not preserved, and the complaint is waived. *See Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex.1991) (op. on reh'g). Brown's desire to exclude Penny's and Sarles's testimony was not apparent from the general arguments raised at the pretrial hearing.

■ Morever, Brown's motion to "limit the scope of the evidence" is essentially a motion in limine. To preserve error if a motion in limine is denied, the party must object when the evidence is offered at trial. *See Adams v. Petrade Int'l, Inc.*, 754 S.W.2d 696, 711 (Tex.App.—Houston [1st Dist.] 1988, writ denied). Brown did not object to either Penny's or Sarles's testimony on the basis that it had been used in the Dallas County proceeding.

Because Brown has waived her complaint, we overrule point two.

## CYNTHIA WRIGHT'S TESTIMONY

In her final point, Brown complains that the trial court erred by admitting Cynthia Wright's testimony into evidence because DPRS had failed to supplement its interrogatory answers with Wright's address.

One of Brown's interrogatories to DPRS asked for the names, addresses, and telephone numbers of any persons having knowledge of facts relevant to the conservatorship of the children or the termination issues. Regarding Wright, DPRS responded as follows:

> Cynthia and Michael Wright
>
> Exact address unknown, Fort Worth, TX 817/625–9338

Marti Brown lived with the Wright family when she came back from North Carolina with the [S.] children.[3] They kept a diary of Ms. Brown's behaviors and abuse of the children while living in their home.

Brown contends that Wright's testimony should have been automatically excluded under TEX.R. CIV. P. 215(5) because DPRS failed to supplement the interrogatory response with Wright's complete address. Brown's counsel claimed that he had tried to contact Wright by telephone but that her number was disconnected. Brown's counsel further claimed that Brown had told him Wright had moved. Brown contended that she was harmed by the State's failure to provide Wright's address because, based on the information she had, she did not believe DPRS would be able to present Wright as a trial witness. Brown also did not despose Wright based on the assumption that DPRS would not call her as a witness.

At trial, Wright verified that 625–9338 was her correct telephone number and that it was a working number. She also testified that Brown had lived with her at 5310 Cornell in Fort Worth, and that at some point Brown also lived next door at 5312 Cornell. When Wright and Brown were neighbors, the children spent 12 to 15 hours a day at Wright's home, and Brown also sometimes spent the night. Wright still lived at 5310 Cornell at the time of trial. Brown confirmed that she had lived in her own house on Cornell Street for six months to one year.

■ Rule 215(5) sanctions are appropriate when a party fails, under TEX.R. CIV. P. 166b(2)(d), to disclose a witness's identity or location in answers or supplemental answers to interrogatories. *See Alvarado v. Farah*, 830 S.W.2d 911, 913–14 (Tex.1992); *$23,900 v. State*, 899 S.W.2d 314, 316 (Tex.App.—Houston [14th Dist.] 1995, no writ). Sanctions were not required in this case because DPRS did not fail to disclose Wright's identity or location under Rule 166b. The purpose of Rule 166b is to allow the opposing party to easily locate, interview, and depose the proposed witness. *See $23,900*, 899 S.W.2d at 317. The trial court could reasonably have

---

**3.** Brown moved the children from North Carolina to Tarrant County in December 1994.

concluded that Brown could have easily located Wright with the information provided in DPRS's interrogatory answer and thus that DPRS had sufficiently identified Wright to comply with Rule 166b(2)(d). While the better practice would have been for DPRS to update its interrogatory answer with Wright's complete street address, we hold that the trial court did not abuse its discretion by admitting Wright's testimony. We overrule point three and affirm the trial court's judgment.