**Thomas A. ODDO, Trustee, Appellant,**

v.

**STATE of Texas and City of Dallas, Appellees.**

No. 05–95–00301–CV.

Court of Appeals of Texas, Dallas.

Oct. 9, 1995.

Richard K. Laurin, Jr., Douglas H. Conner, III, Law Offices of Eddie Vassallo, P.C., Dallas, for Appellant.

Kenneth R. Bennett, Assistant City Attorney, Dallas, for Appellee.

Before CHAPMAN, BARBER and WHITTINGTON, JJ.

## OPINION

WHITTINGTON, Justice.

In this eminent domain case, Thomas A. Oddo appeals the grant of a directed verdict in favor of the State of Texas and the City of Dallas (collectively, the State). In four points of error, Oddo contends the trial judge erred in (1) excluding his testimony and the testimony of his expert appraiser, and (2) granting a directed verdict in favor of the State. For the reasons set forth below, we reverse the trial court's judgment and remand this cause for a new trial.

## BACKGROUND

The State filed a petition seeking to condemn a 401 square-foot strip of land along North Central Expressway in Dallas, Texas. The land was owned by Thomas A. Oddo, as trustee, and was improved with a two-story commercial office building. After the State filed its petition, special commissioners were appointed to determine the amount of compensation due the property owner. Following a hearing, the commissioners awarded Oddo $21,000. Both sides objected to the commissioners' award, and the case was set for trial. The case was called to trial on October 17, 1994.

At trial, Oddo called three witnesses. Two of the witnesses, Oddo and Brian Shuler, attempted to testify about damages caused to Oddo's remaining property as a result of the taking. The State objected to Oddo and Shuler's testimony, arguing the testimony was inadmissible because it dealt only with damages that were not compensable under the supreme court's holding in *State v. Schmidt*, 867 S.W.2d 769 (Tex.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 2741, 129 L.Ed.2d 861 (1994) and —— U.S. ——, 115 S.Ct. 64, 130 L.Ed.2d 21 (1994). The trial judge agreed and excluded Oddo and Shuler's testimony. The trial judge then removed the case from the jury and entered judgment in favor of Oddo for $12,032. This figure represented the fair market value of the land taken.[1] The court directed a verdict

---

**1.** Shuler testified the fair market value of the land taken was $12,032. The State did not con-   test this damage figure.

that Oddo take nothing on his claim for damages to the remainder. This appeal followed.

## EXCLUSION OF EVIDENCE

In his first three points of error, Oddo contends the trial judge erred in excluding Oddo and Shuler's testimony. Specifically, Oddo contends the trial judge misapplied the holding in *Schmidt* and, in so doing, excluded items of compensable damages that should have gone to the jury. Oddo contends the trial judge's ruling requires reversal. We agree.

■ Determining whether to admit or exclude evidence is a matter that falls within the trial court's sound discretion. *See Tracy v. Annie's Attic, Inc.*, 840 S.W.2d 527, 531 (Tex.App.—Tyler 1992, writ denied). We do not disturb a trial court's ruling absent an abuse of discretion. *See Tracy*, 840 S.W.2d at 531. The trial court abuses its discretion when it acts arbitrarily or unreasonably or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■ Here, the trial judge excluded *all* of Oddo and Shuler's testimony based on the judge's conclusion that their testimony addressed only damages that were not compensable under the supreme court's holding in *Schmidt*. This, we conclude was error. The *Schmidt* decision identifies three distinct areas of damages that are not compensable: (1) damages resulting from diversion of traffic, increased circuity of travel, lessened visibility, and inconvenience due to construction; (2) damages suffered by the community as a whole; and (3) damages resulting from the State's use of a pre-existing right of way. *Schmidt*, 867 S.W.2d at 777–79, 781. Although we agree with the State that some of the damage testimony offered by Oddo and Shuler addressed the noncompensable damages outlined above, we cannot agree that *all*

of their testimony dealt with noncompensable damages and thus was inadmissible.

Oddo testified his remainder property had been damaged by the take because it no longer complied with existing zoning laws. Oddo testified this fact would affect what a willing buyer would pay for the property. Additionally, both Oddo and Shuler testified that the remainder property lost a parking space as a result of the take. Shuler stated that this fact would affect the market value of the property. Shuler also testified that the take resulted in a reconfiguration of the property that, in his view, decreased the market value of the remaining tract. Shuler testified that the damages he was referring to were a direct result of the take and that, when calculating his damage figure, he had excluded any noncompensable community damages. Shuler also explained that although the amount of land actually taken was small, it could still have a major impact on Oddo's remaining property because the property itself was only a "marginal" piece of land.[2] Finally, Shuler testified he had, to the best of his ability, excluded from his appraisal value any of the factors held to be noncompensable in *Schmidt*.

The items outlined above are not damages resulting from (1) the State's use of a pre-existing right of way; or (2) diversion of traffic, increased circuity of travel, lessened visibility, or construction. Thus, they may not be excluded as noncompensable damages under *Schmidt* unless they can be classified as community damages. After reviewing the record as well as existing case law, we conclude that the damages referenced above (*i.e.*, those resulting from the lost parking space, reconfiguration of the land, and the resulting nonconformity) were not community damages.

■ The property code precludes recovery for damages suffered by a property owner in common with the general community. *See* TEX.PROP.CODE ANN. § 21.042(d) (Vernon 1984); *see also State v. Heal*, 884 S.W.2d 864, 869 (Tex.App.—Dallas 1994), *rev'd on other grounds*, 39 Tex.Sup.Ct.J. 72 (Tex.1995). To

---

2. Oddo explained that he considered the property "marginal" because it housed a "C Class office building," the improvements on the property

were at best only "interim uses," and the property was not located on any major corner.

determine whether a particular damage is a community damage and thus not compensable under *Schmidt*, the nature of the injury rather than its location must be considered. *Schmidt*, 867 S.W.2d at 781; *Heal*, 884 S.W.2d at 869. As the court in *Schmidt* recognized, it is possible for several landowners on the same street to suffer similar types of injuries without the injury necessarily being classified as a community one. *Schmidt*, 867 S.W.2d at 781. Thus, we do not consider a landowner's injury to be community simply because a number of different landowners suffer alike.

Here, there was testimony that the remainder was damaged by the loss of a parking space, reconfiguration of the land, and a resulting nonconformity with zoning laws. Shuler testified that the nature of these injuries was unique in the way it affected the value of Oddo's remaining property. Thus, we conclude these damages were not noncompensable community damages. *See State v. Centennial Mortgage Corp.*, 867 S.W.2d 783, 784 (Tex.1993) (recognizing award of damages resulting from lost parking space not precluded under *Schmidt*), *cert. denied*, ─── U.S. ───, 115 S.Ct. 64, 130 L.Ed.2d 21 (1994). Contrary to the State's contentions, we do not believe a contrary conclusion is required simply because other properties along Central Expressway may also have lost parking or been reconfigured following the take. *See Centennial Mortgage Corp.*, 867 S.W.2d at 784; *Schmidt*, 867 S.W.2d at 781.

▪ After considering Oddo and Shuler's testimony as a whole, and in particular the testimony regarding the lost parking space and resulting reconfiguration of the land, we conclude the trial judge erred in excluding

Oddo and Shuler's testimony in its entirety. Additionally, we conclude this error was likely to cause, and probably did cause, the rendition of an improper verdict because Oddo and Shuler's testimony was the only evidence presented regarding remainder damages. TEX.R.APP.P. 81(b)(1). Accordingly, we conclude the error was harmful.

▪ We sustain Oddo's first three points of error. On remand, the trial judge should address the admissibility of individual items of damages on an item by item basis.[3]

## DIRECTED VERDICT

▪ In his fourth point of error, Oddo contends the trial judge erred in directing a verdict in favor of the State. We agree. When reviewing the grant of a directed verdict, we review the record to determine whether any probative evidence exists "to raise a fact issue on the material questions presented." *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex.1978); *C & C Partners v. Sun Exploration & Prod. Co.*, 783 S.W.2d 707, 712 (Tex.App.—Dallas 1989, writ denied). In so doing, we consider all the evidence in the light most favorable to the party against whom the verdict was directed and disregard all evidence and inferences to the contrary. *Collora*, 574 S.W.2d at 68; *Edlund v. Bounds*, 842 S.W.2d 719, 723 (Tex.App.—Dallas 1992, writ denied).

▪ In this case, Oddo and Shuler testified to a diminution in value to the remainder which resulted from damages compensable under *Schmidt*. Nevertheless, the trial judge directed a verdict, stating any potentially compensable damages were "minimal." Although the damages resulting from one lost parking space and the reconfiguration of

---

3. We do note that damages resulting from things such as the closer proximity of the right of way and the change in grade of the right of way are not compensable under *Schmidt* because the new placement and differing grade of the right of way were changes resulting from the State's use of its pre-existing right of way. *See Schmidt*, 867 S.W.2d at 777–79 (recovery not available for damages resulting from State's use of pre-existing right of way). Additionally, the loss of the billboard on the property is not compensable since Oddo testified its loss was due to lessened visibility from the new roadway, another factor not compensable under *Schmidt*. *See Schmidt*, 867 S.W.2d at 777. Finally, the reduced rental value of the property would not be compensable because, it appears from the record, that any reduced rental value was the result of the construction project as a whole rather than from the taking of the 401 square-foot tract. Obviously, if the decreased rental value can be shown to result from physical changes in the land which are themselves compensable, then such a reduction in rental value may be compensable and admissible under *Schmidt*.

the land may be "minimal" in the eyes of the trial judge, they are nevertheless compensable. Because there was some evidence of compensable damages, we conclude the trial judge erred in directing a verdict in favor of the State.[4] We sustain Oddo's fourth point of error.

We reverse the trial court's judgment and remand this cause for a new trial. *See State v. Munday Enters.*, 868 S.W.2d 319, 320–21 (Tex.1993) (reversing and remanding case for new trial where damage award in condemnation case was based on both compensable and noncompensable factors), *cert. denied,* —— U.S. ——, 115 S.Ct. 64, 130 L.Ed.2d 21 (1994).

---

4. We recognize that the testimony regarding lost parking and reconfiguration of the land was excluded by the trial judge and thus not before the jury. Nevertheless, we consider the evidence in resolving the directed verdict question since it appears the trial judge himself considered this excluded evidence when deciding whether to grant the directed verdict.