STATE of Texas and City of Austin, Petitioners,

v.

MUNDAY ENTERPRISES, et al., Respondents.

No. D–2296.

Supreme Court of Texas.

Nov. 24, 1993.

Rehearing Overruled Feb. 2, 1994.

---

**320**

John J. Greene, Diana L. Granger, James Noble Johnson, Dan Morales, Austin, for petitioners.

John N. McClish, Austin, for respondents.

PER CURIAM.

This case arises out of the condemnation of part of a commercial tract in order to widen and convert U.S. Highway 183 into an elevated controlled-access highway. The issue here concerns not the value of the part taken, but the compensation recoverable for damages to the remainder. In *State v. Schmidt*, 867 S.W.2d 769 (Tex.1993), we held that landowners are not as a rule entitled to compensation for a decrease in value of the remainder due to the diversion of traffic, increased circuity of travel, lessened visibility, and interim construction inconvenience. Because the judgment here is based in part on evidence of such factors admitted over the objections of the State and City (together referred to as the State), and in part on evidence of damages to the remainder which the State concedes are compensable, the judgments of the lower courts must be reversed and the case remanded for a new trial.

The property in question is located on the northeast side of U.S. Highway 183 near Lamar Boulevard in Austin. William F. Munday, doing business as Munday Enterprises, owns the property and uses it as the site for Bill Munday's Pontiac, AMC/Jeep, and Subaru automobile dealership.[1] The State condemned 1.65 acres of the 15.84–acre tract, taking some buildings, leaving others unacceptably close to the new frontage road, and eliminating driveways and a front display parking area. There will be, the State concedes, a partial, permanent denial of access to the public roadway along 249 feet of the 893–foot perimeter fronting the highway for which Munday is entitled to compensation.

Munday claims that the existing car dealership can no longer continue to operate because of the taking. He presented testimony that the site would no longer be acceptable as a dealership to major manufacturers, and that the value of the remainder for secondary uses would be significantly reduced, in large part due to the elevation of the highway. An expert witness testified that the market value of the remainder would be diminished because of the decreased visibility of the remainder, the reduced traffic flow on the frontage roads, and the interim construction activity. The State objected to such evidence on the ground that these factors were not compensable and were nonrecoverable community damages. An expert for the State testified that the property could be redeveloped as an automobile dealership. The State also asked for instructions excluding consideration of the circuity of travel, loss of visibility, diversion of traffic, and construction inconvenience. The case was submitted to the jury on a single question inquiring into the difference in fair market value of the entire tract without considering the taking, and the fair market value of the remainder property after condemnation of the land and improvements, considering the effects of the condemnation. The jury found this difference to be $8,469,870. The trial court rendered judgment, after deducting the special commissioners' award previously withdrawn, for $6,678,843, plus interest and costs, and the court of appeals affirmed. 824 S.W.2d 643.

The State concedes that the taking of part of the property damaged the remainder and lists as compensable factors a bisected building, a partial, permanent denial of legal access to the roadway along a portion of the adjoining boundary, and the required relocations of building sites and driveways. It

---

**1.** The condemners also named as parties lienholders Texas Commerce Bank–Austin, N.A., and First City National Bank of Austin.

complains, however, that the award of damages was based in part on evidence of factors which were held not to be compensable as a rule in *Schmidt.* We agree that the damage award in this case was based upon evidence of both compensable and noncompensable injuries. For this reason, the State is entitled to a new trial.

The court of appeals relied upon TEX.REV. CIV.STAT.ANN. art. 1085a § 1 (Vernon 1963, Supp.1993), which provides that "no existing State highway or city street shall be converted into a freeway except with the consent of the owners of abutting lands, or by the purchase or condemnation of their right of access thereto." However, section 3 of that same article provides:

> "Freeway" means a State highway or city street in respect to which the right or easement of access to or from their abutting lands has been acquired in whole or in part from the owners thereof by the State Highway Commission or the governing body of an incorporated city or town as hereinabove provided.

Given this circular definition, article 1085a cannot be said to grant any right of compensation beyond that which the State concedes is compensable for a denial of "legal access" through a total or partial, permanent denial of access to the public roadways.

Accordingly, a majority of the Court, without hearing oral argument, grants the petition for writ of error, reverses the judgments of the courts below, and remands the case to the trial court for new trial.