**STATE FARM FIRE & CASUALTY COMPANY, Petitioner,**

v.

**Francisco MORUA, individually and by his guardian, Virginia Morua, Respondent.**

No. 97–0536.

Supreme Court of Texas.

Nov. 12, 1998.

Malcolm G. Renwick, Steven R. Pierret, Arlington, for Petitioner.

Malcolm McGregor, El Paso, John C. Schwambach, Jr., Houston, for Respondent.

ABBOTT, Justice, delivered the opinion of the Court, in which ENOCH, SPECTOR and HANKINSON, Justices, join.

The issue in this case is whether supplemental interrogatory answers must be verified. We resolve a conflict in the courts of appeals and hold that they must be verified. However, because we hold that any objection to the lack of verification was waived, we reverse the court of appeals' judgment and remand the case to that court for further proceedings.

## I

Francisco Morua sued State Farm Fire and Casualty Company for lifetime workers' compensation benefits. Morua served interrogatories on State Farm inquiring about various matters, including the identity of State Farm's expert witnesses, the subject of their testimony, and any reports or other documents prepared by them. State Farm did not identify any expert witnesses in its verified response, but in supplemental *unverified* responses it identified an expert, Jeffrey C. Siegel, described the subject matter of his testimony, and provided Morua with a copy of his report. State Farm and Morua then deposed Siegel on written questions. At trial, Morua objected to Siegel's testimony on the ground that he had not been identified in a verified response to interrogatories. The district court overruled the objection and permitted the expert to testify. The court rendered judgment on a verdict for State Farm.

The court of appeals, following its decisions in *Ramirez v. Ramirez,* 873 S.W.2d 735, 740 (Tex.App.—El Paso 1994, no writ), and *Varner v. Howe,* 860 S.W.2d 458, 462

(Tex.App.—El Paso 1993, no writ), and a recent decision by the Fifth Court of Appeals in *Dawson–Austin v. Austin,* 920 S.W.2d 776, 792–93 (Tex.App.—Dallas 1996), *rev'd and remanded on other grounds,* 968 S.W.2d 319 (Tex.1998), held that Siegel had not been properly identified because State Farm's supplemental interrogatory answers were not verified, and that the expert's testimony should therefore have been excluded under Texas Rule of Civil Procedure 215(5). 960 S.W.2d 659, 660–62. The court reversed and remanded for a new trial. The court noted that its conclusion conflicts with decisions of the Courts of Appeals for the Second,[1] Third,[2] Fourth,[3] Sixth,[4] and Seventh[5] Districts holding that supplemental responses to interrogatories need not be verified. The court's holding also conflicts with decisions of the Court of Appeals for the First District.[6]

## II

■ Rule 168(5) of the Texas Rules of Civil Procedure requires that interrogatory answers be verified by the person making them. The obligation to supplement discovery responses is found in Rule 166b(6), which states:

6. Duty to Supplement. A party who has responded to a request for discovery that was correct and complete when made is under no duty to supplement his response to include information thereafter acquired, except the following shall be supplemented not less than thirty days prior to the beginning of trial unless the court finds that a good cause exists for permitting or requiring later supplementation.

a. A party is under a duty to reasonably supplement his response if he obtains information upon the basis of which:

1. *Kramer v. Lewisville Mem'l Hosp.,* 831 S.W.2d 46 (Tex.App.—Fort Worth 1992), *aff'd on other grounds,* 858 S.W.2d 397 (Tex.1993).

2. *State v. Munday Enters.,* 824 S.W.2d 643 (Tex.App.—Austin 1992), *rev'd and remanded on other grounds,* 868 S.W.2d 319 (Tex.1993).

3. *Soefje v. Stewart,* 847 S.W.2d 311 (Tex.App.—San Antonio 1992, writ denied); *Browning–Ferris, Inc. v. Reyna,* 852 S.W.2d 540, 543 (Tex.App.—San Antonio 1992), *rev'd on other grounds,* 865 S.W.2d 925 (Tex.1993).

4. *Circle Y of Yoakum v. Blevins,* 826 S.W.2d 753 (Tex.App.—Texarkana 1992, writ denied).

5. *Jones v. Kinder,* 807 S.W.2d 868 (Tex.App.—Amarillo 1991, no writ).

6. *Melendez v. State,* 902 S.W.2d 132, 136 (Tex.App.—Houston [1st Dist.] 1995, no writ); *Weaver v. United States Testing Co.,* 886 S.W.2d 488, 491 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Gober v. Wright,* 838 S.W.2d 794, 799 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

(1) he knows that the response was incorrect or incomplete when made;

(2) he knows that the response though correct and complete when made is no longer true and complete and the circumstances are such that failure to amend the answer is in substance misleading; or

b.    If the party expects to call an expert witness when the identity or the subject matter of such expert witness' testimony has not been previously disclosed in response to an appropriate inquiry directly addressed to these matters, such response must be supplemented to include the name, address and telephone number of the expert witness and the substance of the testimony concerning which the expert witness is expected to testify, as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial except on leave of court.

TEX.R. CIV. P. 166b(6).   Rule 166b(6) does not address whether supplemental discovery responses must be verified.   Nevertheless, there are several reasons why a party should be required to verify supplemental interrogatory answers despite the lack of an express requirement in Rule 166b(6).

Rule 168's   command that "interrogatories shall be answered ... fully in writing under oath" applies to *all* interrogatory answers, initially   and   whenever   supplemented. TEX.R. CIV. P. 168(5); *see also Sharp v. Broadway Nat'l Bank,* 784 S.W.2d 669, 671

(Tex.1990) (per curiam) (holding that supplemental answers must be in writing as required by Rule 168(5), despite the lack of an explicit writing requirement in Rule 166b(6)). The rule does not distinguish between original interrogatory answers and supplemental interrogatory answers, and no such distinction can be divined from Rule 166b(6).[7]

Moreover, Rule 166's supplementation requirement applies generally to responses to different kinds of discovery requests and does not attempt to prescribe the form, method, or requirements for each of them. This suggests that a supplemental response should be made in the same form and manner—including verification—as required for the original response.   *See, e.g., Dawson–Austin,* 920 S.W.2d at 792–93.   This is especially true when, as here, the original interrogatory answers did not specifically provide the requested information.[8]

Interrogatories serve to flesh out the facts of the case and to prevent trial by ambush. *See Alvarado v. Farah Mfg. Co.,* 830 S.W.2d 911, 914 (Tex.1992).   Interrogatory answers may be used at trial against the party providing them.   TEX.R. CIV. P. 168(2).   Given the fact-intensive nature of interrogatories, requiring verification promotes the purpose of discovery and "avoids the inevitable disputes over who said what when."   *See Sharp,* 784 S.W.2d at 671.   These principles are not eviscerated simply because the interrogatory answers are supplemental as opposed to original.[9]   A party should be able to rely on an

---

**7.**   Justice Hecht's reliance on Federal Rule 26 is misplaced.   Federal Rule 26(e)(2) expressly provides that parties must amend their interrogatory answers "if the additional or corrective information *has not otherwise been made known* to the other parties during the discovery process or in writing."   FED.R.CIV.P. 26(e)(2) (emphasis added).   Thus, unlike Texas Rule 166, Federal Rule 26 plainly allows alternative methods of supplementation that do not necessarily require verification.

**8.**   State Farm's interrogatory answer stated: "Defendant has not designated any expert witnesses at this time.   Defendant, however, would show that it may call any and/or all physicians and healthcare providers identified in his answer and any supplemental answer(s) to Interrogatory No. 3. herein [requesting the names of persons with knowledge of relevant facts]."

**9.**   Justice Hecht argues that parties cannot realistically swear to information concerning testifying experts because these are "counsel's decisions." 979 S.W.2d at 623 (Hecht, J., dissenting).   He reasons that, most of the time, a party may initially answer such interrogatories "I don't know" because those decisions have not yet been made.   *Id.* at 623 (Hecht, J., dissenting).   Once such information is known, counsel can provide the supplemental responses without the necessity of the party's verification.   Accordingly, he concludes, it "makes sense to impose no verification requirement on supplemental interrogatory answers."   *Id.* at 623 (Hecht, J., dissenting).

In many cases, decisions concerning experts have in fact been made at the time initial responses to interrogatories are due, and Rule 168 clearly requires a party to provide the information under oath.   Justice Hecht's rationale is inconsistent with this unequivocal requirement.

opponent's supplemental interrogatory answers to develop the case before and at trial. *See Ticor Title Ins. Co. v. Lacy,* 803 S.W.2d 265, 266 (Tex.1991). Requiring verification throughout discourages pretrial gamesmanship and helps facilitate full examination at trial.[10] *See* Tex.R. Evid. 613 (impeachment concerning prior inconsistent statements whether oral or written); Tex.R. Evid. 801(e)(2) (admission by a party opponent). Accordingly, we conclude that supplemental answers to interrogatories must be verified.

### III

State Farm argues that, even if supplemental interrogatory responses must be verified, Morua waived the objection to the lack of verification by waiting thirteen months—until State Farm offered Siegel's testimony at trial—before objecting to State Farm's supplemental interrogatory answers. The trial court ruled that Morua waived the objection by failing to raise it before trial. The court of appeals, however, never expressly addressed this issue.

State Farm filed its first set of supplemental interrogatory answers naming Siegel as an expert witness in September 1994. These supplemental answers were not verified. Siegel's deposition on written questions was taken in December 1994, and Morua's attorney participated in the deposition by submitting questions. Morua did not object to the lack of verification until October 1995, when State Farm attempted to offer Siegel's deposition testimony at trial.

State Farm relies on our decision in *Kramer v. Lewisville Memorial Hospital,* 858 S.W.2d 397, 407 (Tex.1993), to argue that Morua waived his objection by waiting until trial to object. In *Kramer,* we held that the

Kramers waived any objection to the hospital's failure to verify its supplemental interrogatory answers identifying its expert by waiting two months—until trial—and by calling the expert themselves before objecting to the hospital's attempt to offer the expert's testimony.

Morua argues that *Kramer* is factually distinguishable and does not support a finding of waiver because Morua never called State Farm's expert before objecting. Instead, Morua argues, the Seventh Court of Appeals in *Jones v. Kinder,* 807 S.W.2d 868, 872 (Tex.App.—Amarillo 1991, no writ), correctly concluded that waiting until trial to object to the lack of verification does not constitute waiver.

If a defect in verification is not objected to or otherwise brought to the responding party's attention before trial, the objection may be waived. *See, e.g., Kramer,* 858 S.W.2d at 407; Dorsaneo, Texas Litigation Guide § 91.06[3], at 91–16 to 91–17; *see also Ebeling v. Gawlik,* 487 S.W.2d 187, 189 (Tex.Civ. App.—Houston [1st Dist.] 1972, no writ) (trial court abused its discretion in striking plaintiff's pleadings for failure to verify supplemental interrogatory answers where defendant did not raise defect earlier in proceedings). Although the Seventh Court of Appeals held in *Jones v. Kinder* that failure to object before trial does not result in waiver, at least one other court of appeals has concluded that objections to the lack of verification are waived by failure to make a timely objection. *See $23,900 v. State,* 899 S.W.2d 314, 317 (Tex.App.—Houston [14th Dist.] 1995, no writ). *Jones v. Kinder* was decided before this Court decided *Kramer,* and the Seventh Court of Appeals was therefore without the benefit of our opinion. The

---

In addition, some supplemental answers (especially in complex cases) may involve fact-intensive information known by the party. For the reasons we articulate above, it makes sense to impose a verification requirement on these supplemental responses. The rules draw no distinction between these types of interrogatory responses and those concerning expert witnesses.

10. Justice Hecht attacks this rationale and suggests that requiring verification of supplemental responses will not discourage gamesmanship, but encourage it. ' 979 S.W.2d at 624 (Hecht, J.,

dissenting) ("If gamesmanship is not objecting at trial to calling the witness because of the lack of a jurat on an interrogatory answer, what is?"). This argument misses the mark. Requiring verification does discourage gamesmanship in responding to interrogatories by encouraging honest and complete answers. The fact that Morua may have waited thirteen months until trial to object to a lack of verification makes this no less true. Instead, this fact is relevant to whether Morua waived the objection, an issue that we address in Part III.

Fourteenth Court of Appeals, however, expressly relied on *Kramer* to conclude that the objection to the lack of verification had been waived:

> If appellant was concerned about the reliability of the State's answers, the more appropriate procedure would have been for appellant to object before trial or file a pre-trial motion to compel under Rule 215(1)(b), or move for sanctions under Rule 215(2)(b). Prior to trial, appellant neither objected nor filed the appropriate motion under Rule 215. Thus, appellant cannot now complain. *Kramer v. Lewisville Memorial Hosp.*, 858 S.W.2d 397, 407 (Tex. 1993) (held that complaint that interrogatory answers were not verified was waived where objection was not raised until trial). Further, when the alleged defect was finally brought to the district attorney's attention at trial, he offered to cure the alleged defect and could have easily done so.

*$23,900*, 899 S.W.2d at 317. We agree with the reasoning of the Fourteenth Court of Appeals. As noted earlier, verification is intended to promote, among other things, meaningful cross-examination at trial; it is not intended to promote "gotcha" gamesmanship. Because Morua waited thirteen months and failed to object to the lack of verification before trial, we hold that the trial court properly concluded that Morua waived the objection.

Morua argues that our decision in *Sharp v. Broadway National Bank*, 784 S.W.2d 669 (Tex.1990) (per curiam), precludes a finding of waiver. Specifically, Morua asserts that his attorney's participation in Siegel's deposition should not result in waiver of his objection to the missing verification. In *Sharp*, the Bank never identified its expert witness in any interrogatory response, but did notice the expert's deposition shortly before trial, and Sharp's counsel attended the deposition. The trial court allowed the expert to testify over Sharp's objection, and the court of ap-

peals affirmed, finding that there was no unfairness or surprise in allowing the testimony of a witness who had been deposed. *Sharp*, 761 S.W.2d at 146. This Court reversed, concluding that "even the fact that a witness has been fully deposed, and only his or her deposition testimony will be offered at trial, is not enough to show good cause for admitting the evidence when the witness was not identified in response to discovery." *Sharp*, 784 S.W.2d at 671. In addition, we held that objection to the offer of the testimony of an unidentified witness at trial is sufficient to preserve error. *Id.*

■ *Sharp* is distinguishable from this and other cases involving the failure to verify interrogatory responses and is therefore not controlling. *Sharp* concerned a party's *failure to identify* the expert witness in a written interrogatory response. The Court followed the plain language of Texas Rule of Civil Procedure 215(5): "A party who *fails to respond to or supplement* his response to a request for discovery shall not be entitled to . . . offer the testimony of an expert witness . . . unless the trial court finds that good cause sufficient to require admission exists." TEX.R. CIV. P. 215(5)(emphasis added).

This case, unlike *Sharp*, does not involve a failure to respond to or supplement discovery. *See $23,900*, 899 S.W.2d at 317 ("The alleged defect in this case was failing to provide answers in proper form, not failing to respond."). State Farm provided complete answers to Morua's interrogatories. *Cf.* TEX.R. CIV. P. 215(1)(c) ("[A]n *evasive or incomplete answer* is to be treated as a failure to answer.") (emphasis added). The only inadequacy was a missing verification. This defect is insufficient to trigger Rule 215(5) and its corresponding good cause inquiry. *See Stern v. State ex rel. Ansel*, 869 S.W.2d 614, 628 (Tex.App.—Houston [14th Dist.] 1994, writ denied).[11]

---

11. Justice Baker argues that *Kramer* cannot be reconciled with our decisions in *Sharp* and *Clark v. Trailways, Inc.*, 774 S.W.2d 644, 647 (Tex. 1989). *Sharp* and *Clark* establish the rule that, when a witness has not been identified in any written interrogatory response, objection at trial is both sufficient (under *Sharp*) and necessary

(under *Clark*) to preserve the complaint. *Sharp* and *Clark* involve a *failure to identify* the witness in *any* written interrogatory response. In that situation, Rule 215(5) clearly applies, and exclusion of the witness's testimony is mandatory. In the case of a missing or defective verification, however, Rule 215(5) simply does not apply.

\* \* \* \* \*

In sum, we hold that supplemental interrogatory responses must be verified. However, because Morua waited thirteen months before objecting to the defect at trial, we hold that Morua waived his objection. Accordingly, pursuant to Texas Rule of Appellate Procedure 59.1 and without hearing oral argument, we reverse the court of appeals' judgment and remand the case to that court for further proceedings.

BAKER, J., filed an opinion concurring in Parts I and II and dissenting in part, and dissenting from the judgment.

HECHT, J., joined by PHILLIPS, C.J., and GONZALEZ and OWEN, JJ., concurring in Parts I and III and dissenting in Part II, and concurring in the judgment.

HECHT, Justice, files an opinion concurring in Parts I and III and dissenting in part, and concurring in the judgment, in which PHILLIPS, Chief Justice, and GONZALEZ and OWEN, Justices, join.

If the Texas Rules of Civil Procedure required that supplemental interrogatory answers be verified, then I would agree with the Court, for the reasons it explains in Part III of its opinion, that by waiting thirteen months until the time of trial to complain that State Farm had not verified a supplemental interrogatory answer identifying its expert witness and describing his testimony, Morua waived error. But I do not agree that the rules require supplemental interrogatory answers to be made under oath, and thus, in my view, there was no error for Morua to waive. Accordingly, I concur in the Court's judgment but not in Part II of its opinion.

As the Court concedes, no rule expressly states that supplemental interrogatory answers must be made under oath. Rule 168,[1] pertaining to interrogatories, does not. Neither does Rule 166b(6), which requires supplementation of certain discovery responses. No other rule does. So it is hardly surprising that six courts of appeals have held that no such requirement exists, while only two

have reached the opposite conclusion.[2] Nevertheless, the Court implies a verification requirement in the rules and gives four reasons—two based on the text of the rules and two based on policy—for doing so. I address each in turn.

First, the Court states that the general requirement of Rule 168(5) that "interrogatories shall be answered separately and fully in writing under oath" applies to supplemental answers. But this simply begs the question. Rule 168 is completely silent on the subject of verifying supplemental answers. The Court seems to think that if initial answers should be verified, it follows only naturally that supplemental answers should be likewise verified. On the contrary, the Federal Rules of Civil Procedure, which are replicated in most states, do not require verification of supplemental answers. Federal Rule 33(b), like Texas Rule 168(5), states that "[e]ach interrogatory shall be answered separately and fully in writing under oath". Federal Rule 26(e)(2) states:

A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Under this rule, a party can satisfy the duty to supplement interrogatory answers simply by making the additional or corrective information known to the other parties during the discovery process or in writing. Not only is verification of the supplemental information not required, a formal response is not even required. As Professors Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, the leading commentators on federal procedure, explain:

The 1993 amendment to Rule 26(e) requires that interrogatories be supplemented if the party learns after answering that the answer originally given "is in some material respect incomplete or incorrect."

---

1. All references to rules are to the Texas Rules of Civil Procedure, except as otherwise noted.

2. *Ante* at 617.

This need not be done formally, however, where the additional or corrective information has been made known to the other parties through the discovery process in writing.[3]

There are good reasons for the federal rule, it should be needless to say, which I shall come to momentarily. The point here is that there is nothing odd about allowing interrogatory answers to be supplemented without verification. The rules are not silent on the subject because the need for verification is obvious. They may be silent because verification should not be required.

The Court responds to this argument by pointing out that I have not cited a federal case holding that supplemental interrogatory answers need not be verified. I concede I know of none, but the dearth of cases is easily attributable to the crystal clear language of federal Rule 26(e), supported by the most eminent commentary on the subject. Given the language of the federal rule, I should be a little surprised to learn that it had ever been disputed enough for a court to construe. To turn the tables: the Court cannot cite a federal case—or a case from any other American jurisdiction—that holds that supplemental interrogatory answers must be verified. And until today, the overwhelming authority in this State was that such answers need not be verified. Of the courts that speak to the subject before us, all appear to be in Texas, and most are contrary to the Court's view. What is the Court's explanation for that?

Next, the Court argues that because Rule 166b(6) covers supplementation of responses to different kinds of discovery requests, not just interrogatory answers, "[t]his suggests that a supplemental response should be made in the same form and manner—including verification—as required for the original response."[4] This argument ignores the history of Rule 166b(6).

The federal rules did not require supplementation of discovery until 1970, when federal Rule 26(e) was added, which provided in part:

> A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:

> \* \* \*

> (2) A party is under a duty seasonably to amend a prior response if he obtains information on the basis of which (A) he knows that the response was incorrect when made, or (B) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the prior response is in substance a knowing concealment.

> (3) A duty to supplement responses may be imposed by order of the court, agreement of the parties, or at any time prior to trial through new requests for supplementation of prior responses.[5]

This rule is noticeably silent on whether supplemental interrogatory answers must be verified. Like the federal rules before this change was made, the Texas rules contained no requirement that discovery be supplemented, and this Court's Advisory Committee did not recommend addition of such a requirement in its May 1972 report to the Court.[6] But later that year the Court itself "decided to amend our discovery rules to incorporate certain ideas from the Federal Rules".[7] Using federal Rule 26(e) as a pattern, but altering a few words to limit its scope to interrogatory answers, the Court added the following paragraph to Rule 168:

> A party whose answers to interrogatories were complete when made is under no

3. 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2179 (1994). *See* 7 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 33.106 (1998).

4. *Ante* at 618.

5. 48 F.R.D. 459, 463–464 (1970).

6. Memorandum from Hon. Ruel C. Walker to the other Justices of the Supreme Court of Texas (May 23, 1972) (in the Court's public rules files).

7. Memorandum from Hon. Ruel C. Walker to the other Justices of the Supreme Court of Texas 2 (Aug. 30, 1972) (in the Court's public rules files).

duty to supplement his answers to include information thereafter acquired, except as follows: (1) a party is under a duty seasonably to amend his answer if he obtains information upon the basis of which (a) he knows that the answer was incorrect when made, or (b) he knows that the answer though correct when made is no longer true and the circumstances are such that a failure to amend the answer is in substance a knowing concealment; and (2) a duty to supplement answers may be imposed by order of the court, agreement of the parties, or at any time prior to trial through new requests for supplementation of prior answers.[8]

The language of this amendment to Rule 168 was almost identical to the language of federal Rule 26(e), and since the federal rule did not require that supplemental interrogatory answers be verified, neither did the Texas rule.

In 1984, the supplementation requirement was removed from Rule 168 and a general requirement applying to all discovery responses was added as Rule 166b(5).[9] This provision was renumbered Rule 166b(6) in 1988 without change in the text and is the current rule,[10] which the Court quotes.[11] Because it is essentially identical to the 1970 amendment to federal Rule 26(e), what the genesis of Rule 166b(6) suggests is not that supplemental responses should be in the same form as the originals, but that no supplemental responses need be verified. Certainly, nothing in the derivation of the provision from the federal rule suggests the contrary.

Thus, I think the Court's attempts at textual support for its conclusion are rather plainly flawed. The rules simply do not, expressly or impliedly, require verification of supplemental interrogatory answers. Since the issue before us is what the rules *are* and not what they *could* or *should* be, that should be the end of the matter. But the Court makes two policy arguments for verification which I will address.

The Court says that verification of supplemental answers is necessary because interrogatories are "fact-intensive [by] nature".[12] This, of course, is certainly true of some interrogatories, but it is equally untrue of others. Indeed, the principal criticism of verification of all interrogatory answers is that interrogatories often inquire about matters of which no one but counsel has any idea, and yet counsel are expressly prohibited from signing the answers.[13] Take this case for example. Morua's interrogatory asked who State Farm's expert witnesses would be, what their testimony would be, and what reports or other documents they had prepared. If any State Farm employee, other than its lawyer, had any notion what the answer to this interrogatory was, he or she could have gotten it only from State Farm's lawyer. What expert testimony would be offered was the lawyer's call, at least in the first instance. A party can swear to things like whether the traffic light was red or green and what kind of injuries he or she sustained, but it makes very little sense to require a party to swear to what legal contentions will be made, who may be potential parties, who will be called to testify, and who will be designated as experts. These are counsel's decisions. Most of the time a party can initially answer interrogatories about the latter matters, "I don't know," because those decisions have not been made. Most supplemental answers are addressed to such interrogatories, just as in this case, and not to factual matters within the party's personal knowledge. It therefore makes sense to impose no verification requirement on supplemental interrogatory answers, since those

8. 483–484 S.W.2d (Tex.Cases) xxxvi (1973, amended 1984).

9. 661–662 S.W.2d (Tex.Cases) l-li, liii-liv (1984, amended 1988).

10. 733–734 S.W.2d (Tex.Cases) liv (1988).

11. *Ante* at 617.

12. *Ante* at 618.

13. Tex.R. Civ P. 168(5) ("The answers shall be signed and verified by the person making them and the provisions of Rule 14 ["Whenever it may be necessary or proper for any party to a civil suit or proceeding to make an affidavit, it may be made by either the party or his agent or his attorney."] shall not apply.").

are likely to be answers that a party is hard-pressed to swear to.

Moreover, allowing unverified interrogatory answers does not in the least impair the principal purposes of discovery, which are to provide information and to pin down the party. What party was ever accosted on the stand with an interrogatory answer naming, or failing to name, an expert witness? How can any party legitimately complain of uncertainty about whether an expert was designated because the expert was identified only by counsel and not by the party under oath? A party's only legitimate complaints concerning such matters are ignorance and reliability, and neither can be attributable to the absence of a jurat at the bottom of the answer.

The Court's other policy argument is that "[r]equiring verification throughout discourages pretrial gamesmanship and helps facilitate full examination at trial." [14] As in this case, for example? Morua knew thirteen months before trial who State Farm's expert would be. State Farm provided Morua a formal, written answer and furnished him a copy of the expert's report. Morua took the expert's deposition on written questions. If gamesmanship is not objecting at trial to calling the witness because of the lack of a jurat on an interrogatory answer, what is? Gamesmanship is taking the full and correct information fully and formally furnished, exploring it thoroughly by deposition, and then objecting to some inconsequential defect after the time for remedying that defect has passed. What possible advantage could Morua have gained from the verification of State Farm's supplemental answer? Nothing. Morua's objection was pure gamesmanship.

The Court requires verification of supplemental interrogatory answers, but then states that the lack of verification "is insufficient to trigger Rule 215(5) and its corresponding good cause inquiry." [15] In other words, the lack of verification is inconsequential, as well it should be. I cannot find a case in any jurisdiction that punishes a party for failing to verify a supplemental discovery

response. But if verification is completely inconsequential, why require it at all? Back to the point of this case, which is not policy but text: why *imply* the requirement into rules that nowhere state it, especially when the federal model for those rules expressly does not require it? The Court's argument encourages—it does not discourage—gamesmanship.

Here is the Court's argument in a nutshell. Although the rules are deathly silent on the subject, they *necessarily* imply a requirement to verify supplemental interrogatory answers. This only makes sense, although it is not the federal rule and may not be the practice in any other state. The Texas rule was derived almost verbatim from the federal rule, which does not require verification, but the meaning of the Texas rule is plainly different, not in text but in implication, and the six Texas courts of appeals that have disagreed were simply wrong. Anyway, whatever the rules say or don't say, verification is necessary to prevent gamesmanship, even though no other jurisdiction shares this view, because a party cannot be expected to be "honest and complete" [16] in a discovery response (such as a response to a request for production or request for admission, neither of which must be verified) unless the response is under oath. This particular case, unfortunately, is not a very good example, since all the gamesmanship was on the other side. All the same, a party *could* play games by designating experts in an unequivocal statement not made under oath—it is unimportant to explain how—and if that were to happen, no sanction or other adverse consequence should ever be imposed. Verification is necessary to prevent abuse, but the lack of verification should be completely inconsequential, as it justly is in this case.

With all due respect to the Court, there is more than a little tension in its opinion.

It is true that in *Sharp v. Broadway National Bank* [17] the Court held that Rule 168b(6) impliedly required that supplemental interrogatory answers be in writing. But its

**14.** *Ante* at 619.

**15.** *Ante* at 620.

**16.** *Ante* at 619 n.....

**17.** 784 S.W.2d 669, 671 (Tex.1990) (per curiam).

model, federal Rule 26(e), imposes the same requirement. What we said in *Sharp* was that "oral notice is not proper", to avoid "the inevitable disputes over who said what when." [18] There, the Bank was asked who it would call as an expert witness on attorney fees, and it claimed that it had orally identified a certain lawyer, whom *it* then deposed *itself*, and the opposing party cross-examined. The problem with the Bank's answer was that it was too indefinite. We explained:

> The fact that a witness' identity is known to all parties is not itself good cause for failing to supplement discovery [inquiring who will be called as witnesses]. A party is entitled to prepare for trial assured that a witness will not be called because opposing counsel has not identified him or her in response to a proper interrogatory. Thus, even the fact that a witness has been fully deposed, and only his or her deposition testimony will be offered at trial, is not enough to show good cause for admitting the evidence when the witness was not identified in response to discovery.[19]

Indeed, the opposing party in *Sharp* might have assumed from the Bank's failure to formally designate the deponent as an expert that the Bank was dissatisfied with the witness's testimony, and might have concluded that there was no necessity to obtain rebuttal evidence. The problem in *Sharp* was not so much that the Bank responded other than in writing, but that it never definitely responded at all. In any event, *Sharp* 's reading of Rule 166b(6) to require a written supplementation, which is consistent with federal Rule 26(e), does not support a reading of Rule 166b(6) to require verified supplemental answers, which is inconsistent with federal Rule 26(e).

I am unable to find support for the Court's conclusion either in the text of the rules or in their underlying policy. Today's decision creates an inconsistency between state and federal practice that is confusing, unnecessary, and—more importantly—unjustified, given that the Court itself copied the Texas rule from the federal rule. I agree that the trial court properly allowed State Farm's witness to testify, but I disagree that the witness was not properly identified in discovery.

BAKER, Justice, files an opinion concurring in Parts I and II and dissenting in part, and dissenting from the judgment.

I agree with the Court's conclusion that a party must verify supplemental interrogatory answers. However, I disagree with the Court's conclusion that Morua waived any objection to the lack of verification because he did not object until the evidence was offered at trial. Accordingly, I concur in the Court's decision to require verified supplemental interrogatory answers but dissent to the Court's holding that Morua waived his objection to the lack of verification.

Here, State Farm argued that Morua waived any objection to the unverified supplemental answers by waiting thirteen months before he objected at trial when State Farm tendered its expert witness. State Farm relies on *Kramer v. Lewisville Mem'l Hosp.*, 858 S.W.2d 397, 407 (Tex.1993) to support its waiver argument. On the other hand, Morua argues that *Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669 (Tex. 1990)(per curiam) precludes a waiver finding. The Court agrees with State Farm and holds that because Morua waited thirteen months and did not object to the lack of verification before trial, Morua waived his objection to State Farm's failure to verify its supplemental answers.

> Even if Rule 166b(6) does in fact require additional verification, the Kramers waived whatever complaint they might have had concerning the manner in which the supplemental answers were verified. The Hospital served its supplemental answers on the Kramers two months before trial, yet the Kramers waited until trial to raise their objections.

*Kramer*, 858 S.W.2d at 407.

> Objection to the offer of the deposition [of an expert witness] at trial is sufficient to preserve error.

*Sharp*, 784 S.W.2d at 671.

> ... [W]e believe that the better-reasoned approach is to require a party op-

18. *Id.*

19. *Id.*

posing the admission of testimony or evidence under rule 215(5) to object when the testimony or evidence is offered at trial. *Clark v. Trailways Inc.*, 774 S.W.2d 644, 647 (Tex.1989).

I do not believe that we can square *Kramer* with *Sharp* and *Clark*.[1] The Court's effort to distinguish *Sharp* and *Clark* does not persuade me. In footnote 11, the Court asserts that *Sharp* and *Clark* differ from the case at issue and from *Kramer* because in *Sharp* and *Clark* the witnesses were not identified in any written interrogatory responses and, therefore, rule 215(5) clearly applies in *Sharp* and *Clark*. Whether rule 215(5) applies here is immaterial to the question of whether Morua waived his objection. *Sharp* and *Clark* stand for the rule that a party's objection at trial to a witness's testimony is timely. *Kramer* and the Court's holding here circumvent this rule.

Accordingly, although I agree with the Court's decision to require a party to verify supplemental interrogatory answers, I dissent from the Court's conclusion that Morua waived his objection to the lack of verification by waiting until trial to object. I would affirm the court of appeals' judgment.

1. The Court recently held that if a party wants to object to expert testimony on *Daubert/Robinson* grounds, the party has to make that objection either pretrial or at least when the testimony is offered at trial and not later. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 409 (Tex. 1998); *see also E.I. du Pont de Nemours and Co. v. Robinson*, 923 S.W.2d 549, 557 (Tex.1995).