# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00519-CV

**International Valet Parking Services, Inc., Appellant**

**v.**

**Connie Johnson and Connie Johnson & Associates, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. 99-10864, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After a trial to the court, the district court ordered that International Valet Parking Services, Inc. (AValet@) pay $2,126.13, plus interest and court costs, to Connie Johnson and Connie Johnson & Associates (collectively, AJohnson@). Valet contends on appeal that the court erred by allowing Johnson to present evidence of attorney=s fees. We will affirm the judgment.

On June 23, 1999, Johnson entrusted her car to Valet employees before eating lunch at a restaurant in Austin. Valet employees released the car to someone other than Johnson who took it for a joyride; the car was damaged and personal property in the car was stolen. On September 17, 1999, Johnson sued Valet and others (with whom she settled) regarding these damages. The district court held a trial without a jury on November 9, 2001. In a letter dated November 20, 2001 announcing its decision,

the district court found that Johnson suffered $9,126.13 in damages for auto repairs, loss of use of the auto, and personal items lost. The court also wrote that Johnson was entitled to recover $10,000 in attorney=s fees as part of the total damages; the court wrote that it awarded less in fees than Johnson=s attorney claimed because the case was relatively simple and the damages were relatively small. The court also found that Valet was entitled to a judgment credit for the $17,000 in settlement payments Johnson had received from other defendants. Accordingly, in the judgment signed April 18, 2002, the court found that Johnson suffered $19,216.13 in damages, less a $17,000 credit, and ordered that Valet pay Johnson $2,126.13, plus interest and costs of court.

Valet appeals, contending that Johnson should not have been allowed to present evidence regarding attorney=s fees because of inaccuracies and inadequacies in her discovery responses. Valet complains that Johnson failed to mention her claim for attorney=s fees in her responses to Valet=s interrogatories and failed to produce documents relating to attorney=s fees in response to Valet=s requests for production.[1] Valet complains that Johnson further failed to amend those responses to interrogatories

---

[1] The relevant interrogatories and answers are as follows:

INTERROGATORY NO. 5
Please describe in detail any and all damages which you have alleged under your Original Petition, or any amendments thereto, including a calculation of the damages alleged by you.

ANSWER:
[Refers reader to previous response providing narrative of incident and damage claims and amounts that undisputedly does not mention attorney=s fees.]
. . . .

INTERROGATORY NO. 14
Please describe in detail your fee agreement with your attorney regarding the legal fees sought by

and production of documents.  Valet thus complains about the court=s failure to exclude the evidence as a

discovery sanction and its admission of that evidence.

---

you herein.

ANSWER:
  Plaintiffs are not seeking legal fees at this time.

INTERROGATORY NO. 15
  Please describe in detail any and all personal damages which you have sued for herein, including any calculations used in determining such damage, and specific list of the nature of the damage.

ANSWER:
  The damages for which Plaintiffs have sued include the following:

| | | |
|---|---|---|
| 1. | Cost of repair, including deductible | $ 4,565.36 |
| 2. | Cost of rental vehicle for the loss of use of the Automobile | $ 3,169.38 |
| 3. | Actual cash value of the stolen briefcases | $   300.00 |
| 4. | Actual cash value of the stolen tennis racket | $    80.00 |
| 5. | Estimated time to reconstruct business records that were in the lost briefcases: 45 hrs. @ $200/hr | $ 9,000.00 |

Both types of error are reviewed for an abuse of discretion. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex. 1986) (discovery sanction); *Reliable Consultants, Inc. v. Jaquez*, 25 S.W.3d 336, 345 (Tex. App.CAustin 2000, pet. denied) (admission of evidence). A trial court abuses its discretion if it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We may reverse a trial court=s judgment based on an error in the admission of a evidence only if we conclude that (1) the trial court did in fact commit error and (2) the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a); *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989).

Valet waived any error in the overruling of the objection and the admission of the evidence by not alerting the district court before trial that Johnson had failed to timely amend or supplement her responses. *See Interceramic, Inc. v. South Orient R.R. Co.*, 999 S.W.2d 920, 930 (Tex. App.CTexarkana 1999, pet. denied); *see also State Farm Fire & Cas. Co. v. Morua*, 979 S.W.2d 616, 619-20 (Tex. 1998). *But see Vingcard A.S. v. Merrimac Hospitality Sys., Inc.*, 59 S.W.3d 847, 857 (Tex. App.CFort Worth 2001, pet. denied) (objection at trial preserves complaint about complete failure to supplement responses). This case is distinct from *Vingcard* because, unlike the party in that case who utterly failed to supplement disclosure responses, Johnson supplemented some but not all types of discovery dealing with attorney=s fees. After Johnson added a claim for attorney=s fees in her first amended petition on March 20, 2000, she supplemented her responses to Valet=s requests for disclosure on October 5,

2001and claimed $24,614 in attorney=s fees within her list of damages.[2]  Valet thus knew more than a

month before trial that Johnson claimed attorney=s fees and had not amended her contrary response to

interrogatory 14, but did not object before trial.  Valet waived this error.

---

[2] In this supplemental response, Johnson disclosed that she was seeking the following damages:

| | |
|---|---|
| Cost of repair: | $  4,565.36 |
| Rental Car: | $  4,105.77 |
| Value of Stolen Briefcases | $     300.00 |
| Value of Stolen Tennis Racket | $       80.00 |
| Value of Stolen Daytimer | $       75.00 |
| Value of Lost information in Daytimer | $  9,000.00 |
| Attorneys= Fees | $24,614.00, to date [99 hours of partner time @ $200 per hour; 36.40 hours of associate time @ $110 per hour; 16.20 hours of legal assistant time @ $50 per hour] |
| Court Costs and Expenses | $  2,374.49 |

Johnson attaches to her brief two prior supplemental disclosures containing claims for attorney=s fees; they
are dated May 30, 2000 and August 4, 2000.  Because Johnson does not show where these documents

are in the clerk=s record or reporter=s record, we cannot consider them.

**6**

Even if Valet=s objection at trial preserved error, the district court did not err by permitting Johnson to present evidence of attorney=s fees. If a party does not timely make, amend, or supplement a discovery response, trial courts are to exclude evidence relevant to that inadequate or inaccurate response unless the failure to make, amend, or supplement the discovery response timely will not unfairly surprise or unfairly prejudice the other parties. *See* Tex. R. Civ. P. 193.6(a)(2). Johnson=s amended petitions and the supplemental disclosure informed Valet that Johnson sought attorney=s fees and in what amount. The district court did not err by concluding that the amended petitions and supplemental disclosure removed any surprise or prejudice from Johnson=s failure to amend or supplement her responses to interrogatories and production of documents.

We affirm the judgment.

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: May 8, 2003

7