Opinion issued May 17, 2007 




 















In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00984-CV

____________


JOSE H. ORTIZ, MARIO H. ORTIZ, LEONARDO H. ORTIZ, JUAN
GARCIA, AND RAMON HERNANDEZ SALAS, Appellants


V.


JOHN MARTINEZ, Appellee






On Appeal from the 281st District Court

Harris County, Texas

Trial Court Cause No. 2003-42662






MEMORANDUM OPINION

 Appellants, Jose Ortiz, Mario Ortiz, Leonardo Ortiz, Juan Garcia, and Ramon
Hernandez Salas, challenge the trial court's take-nothing judgment entered in favor
of appellee, John Martinez, on their claim for negligence. In five issues, appellants
contend that the trial court erred in submitting a sudden emergency instruction in the
jury charge and that the evidence is legally and factually insufficient to support both
the jury's finding that Martinez's negligence, if any, did not proximately cause
appellants' injuries as well as the jury's zero damages findings in regard to each
appellant.

 We affirm.

Factual and Procedural Background

 In their original petition, appellants alleged that Martinez negligently caused
a car that he was driving to collide with a pick-up truck in which they were traveling. 
Appellants asserted that Martinez was negligent in (1) "failing to comply with traffic-safety laws, namely, by failing to control his speed"; (2) "driving his vehicle without
due caution and circumspection and in utter disregard" of appellants; (3) "failing to
drive his vehicle in a manner that a person of ordinary prudence would have driven
under like or similar circumstances and conditions then and there existing"; (4)
"failing to keep a proper lookout of the type and character that a person of ordinary
prudence would have kept in the exercise of ordinary care under like or similar
circumstances and conditions then and there existing"; (5) "failing to have his vehicle
under reasonable and proper control"; (6) failing to apply the brakes of his vehicle
and thereby to bring his vehicle to a stop in time to avoid colliding with the vehicle
in which [appellants] [were] driving in, or to render the collision less violent and less
injurious and damaging" to appellants; (7) "failing, immediately prior to the collision,
to turn his vehicle either to the left or right and thereby avoiding colliding with"
appellants' vehicle; and (8) "violating the Texas Transportation Code Section
545.351." (1) Appellants further alleged that they suffered damages as a result of the
collision.

 At trial, Jose Ortiz, with the assistance of a Spanish translator, testified that he
was driving his truck southbound on the North Freeway, with Mario Ortiz in the front
passenger seat and Juan Garcia and Ramon Salas in the backseat, when his truck was
struck from behind by a car driven by Martinez. Jose Ortiz was driving
approximately thirty or forty miles per hour in the right lane closest to the shoulder. 
When he saw an accident up ahead in his lane, he applied his brakes, causing his
truck to come to a stop "with sufficient time." Although appellants' truck came to a
stop, cars in the two left lanes continued moving. Jose Ortiz did not notice
Martinez's car until after the collision with Martinez. Jose Ortiz further testified that
he suffered physical injuries as a result of the collision. Mario Ortiz, Juan Garcia, and
Ramon Salas Hernandez also testified that they suffered physical injuries as a result
of the collision.

 Martinez testified that the collision occurred at approximately 6:30 a.m. "on the
on-ramp, or shortly after the on-ramp, between Patton and Main Street" of Interstate
45. Traffic "was pretty heavy." Martinez described the entrance ramp to the freeway
as having a "downhill slope" to enter into the flowing lane of traffic. He explained
that the entrance ramp is "probably one of the shortest on-ramps here in Houston" and
"[y]ou either get into traffic or you get pushed into the side of the wall." The entrance
ramp requires a driver to look back to check for merging traffic and to "make sure
nobody's going to cut over." After the traffic light to the entrance ramp had turned
green, the cars in front of Martinez moved forward, but because there was too much
traffic in the lane to actually enter the freeway, the cars "just kept inching forward." 
As he entered the freeway, Martinez, driving a Toyota Corolla, was behind
appellants' truck and "parked behind it." He looked to his left and saw that there was
an opening in the freeway. Appellants' truck had already moved forward and was
moving into traffic, so Martinez began to accelerate. When he looked forward, all he
saw were brake lights from the truck. Martinez slammed on his brakes and turned the
steering wheel thinking there was enough room to stop, but his car struck appellants'
truck from behind, causing his air bag to deploy. The windshield of Martinez's car
"was damaged from when the air bag went off," which caused his hand to be thrown
up against it. His seats would not move and he could not drive the car. Also, the
front left quarter panel of the car and its radiator were damaged from going
underneath appellants' truck. Martinez exited his car through the driver's-side
window.

 Martinez explained that he had used the entrance ramp to gain access to
Interstate 45 on a regular basis, but he now prefers not to use it because of the
collision. "[A] lot of accidents" occur near the area, in part due to the short nature of
the entrance ramp. Although he thought it necessary for Jose Ortiz to have stopped
the truck, Martinez had kept a proper lookout prior to the collision. Moreover,
Martinez did not think that the collision was "unavoidable," and, when questioned as
to whether he felt that he was responsible for the collision, he answered, "Well, I
would say yeah, because I did hit him."

 Martinez further testified that, prior to the collision, he looked over his left
shoulder for only one or two seconds, "watching a car behind [him] and oncoming
traffic to make sure there was . . . enough time and space to get in." Prior to looking
over his shoulder, the truck driven by Jose Ortiz was "proceeding on the freeway,"
and Martinez did not see its brake lights. Martinez, who was attempting to enter the
lane of traffic, was unable to see what was happening in the lane ahead of the truck. 
Martinez explained that he drove his car in a prudent manner, considering the traffic
conditions that morning, and he was merely accelerating to match the speed of the
traffic.

Sudden Emergency

 In their first issue, appellants argue that the trial court erred in including a
sudden emergency instruction in the jury charge because Martinez's "own negligent
act caused the condition."

 However, a party objecting to a charge must point out distinctly the
objectionable matter and the grounds of the objection. Tex. R. Civ. P. 274. Any
complaint as to a question, definition, or instruction, on account of any defect,
omission, or fault in pleading, is waived unless specifically included in the objections. 
Id. On appeal, the reviewing court must examine the pleadings, the evidence
presented, and the jury charge; any error regarding a requested instruction will not be
deemed reversible unless it was reasonably calculated to cause and probably did
cause rendition of an improper judgment. Jordan v. Sava, Inc., No. 01-03-00554-CV,
2007 WL 1119931, at *5 (Tex. App.--Houston [1st Dist.] April 12, 2007, no pet. h.);
see also Tex. R. App. P. 44.1(a)(1).

 Here, the reporter's record consists solely of the testimony of four of the five
appellants, Jose Ortiz, Mario Ortiz, Juan Garcia, and Ramon Salas Hernandez, and
that of appellee, John Martinez. (2) The reporter's record does not include a
transcription of the charge conference and does not demonstrate that appellants
preserved error by properly objecting to the submission of the sudden emergency
instruction in the jury charge. See Tex. R. Civ. P. 274. Accordingly, appellants' first
issue is not preserved for our review. See Tex. R. App. P. 33.1.

 We overrule appellants' first issue.

Negligence

 In their second and third issues, appellants argue that the evidence is legally
and factually insufficient to support the jury's negative answer to question one, "Did
the negligence, if any, of [John Martinez] proximately cause the injury in question?" 
Appellants assert that "[t]he evidence established that prior to the impact with
[appellants'] vehicle, [Martinez] was aware of the heavy traffic conditions on this
date, that he was attempting to merge into the heavy traffic, that he was looking back
and did not maintain a proper lookout and distance from [appellants'] vehicle which
he knew was directly in front of him[,] and . . . that [appellants] did nothing to cause
the accident."

 Because appellants attack the legal and factual sufficiency of an adverse jury
finding on which they had the burden of proof, they must demonstrate on appeal that
the evidence either conclusively establishes, as a matter of law, all facts in support of
the issue (for rendition), or, alternatively, that the jury's adverse finding is against the
great weight and preponderance of the evidence (for remand). Jordan, 2007 WL
1119931, at *11; see also Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex.
1989); Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). In reviewing a claim that the
evidence conclusively establishes liability as a matter of law, we consider evidence
and inferences supporting the jury's finding and ignore all evidence and inferences
to the contrary. Havner v. E-Z Mart Stores, Inc., 825 S.W.2d 456, 458 (Tex. 1992);
Sterner, 767 S.W.2d at 690. If there is no evidence to support the jury's finding, we
must then examine the entire record to see if the contrary proposition is established
as a matter of law. Sterner, 767 S.W.2d at 690. In reviewing a claim that a finding
is against the great weight and preponderance of the evidence, we consider and weigh
all of the evidence and may set aside the verdict only if the finding is so against the
great weight and preponderance of the evidence that it is clearly wrong and unjust. 
Cain, 709 S.W.2d at 176. We note that a jury may believe one witness and disbelieve
another, and it may resolve inconsistencies in any testimony. Eberle v. Adams, 73
S.W.3d 322, 327 (Tex. App.--Houston [1st Dist.] 2001, pet. denied).

 The mere occurrence of a rear-end collision does not present evidence of
negligence as a matter of law. Weaver v. U.S. Testing Co., Inc., 886 S.W.2d 488, 490
(Tex. App.--Houston [1st Dist.] 1994, writ denied), overruled on other grounds by
State Farm Fire & Cas. Co. v. Morua, 979 S.W.2d 616, 619 (Tex. 1998). The
question of whether an automobile being struck from the rear raises an issue of
negligence or establishes it as a matter of law depends on all the facts and
circumstances of the particular case. DeLeon v. Pickens, 933 S.W.2d 286, 289 (Tex.
App.--Corpus Christi 1996, writ denied). 

 Here, the evidence and inferences supporting the jury's finding that Martinez
was not negligent consisted of Martinez's testimony that he maintained a proper
lookout prior to the collision and was driving in a prudent manner, considering the
traffic conditions. Martinez also explained that, because of the traffic situation, he
was unable to see what was occurring in front of appellants' truck. The jury may well
have believed that Martinez was acting reasonably in looking back over his left
shoulder to see if he could change lanes safely. Thus, the evidence does not
conclusively establish, as a matter of law, that Martinez's negligence, if any,
proximately caused appellants' injuries.

 In regard to the factual sufficiency of the evidence, Martinez did testify that he
frequently used the entrance ramp and was aware of the typical traffic conditions. 
Jose Ortiz testified that he stopped his truck "with sufficient time" prior to the
collision with Martinez, and Martinez acknowledged that he thought that it was
necessary for appellants to stop their truck in order to avoid a collision with the car
in front of them. Martinez also explained that he did not think that the collision was
"unavoidable" and felt that he was responsible for the collision. However, as noted
above, Martinez also testified that he had kept a proper lookout and drove his car in
a prudent manner, considering the traffic conditions that morning. We cannot
conclude that the jury's finding that the negligence of Martinez, if any, did not
proximately cause appellants' injuries is so against the great weight and
preponderance of the evidence that it is clearly wrong and unjust. Accordingly, we
hold that the evidence is legally and factually sufficient to support the jury's negative
answer to question one.

 We overrule appellants' second and third issues.


Conclusion

 Having held that the evidence is legally and factually sufficient to support the
jury's negative answer to question one, regarding Martinez's liability, we need not
address appellants' fourth and fifth issues, concerning the jury's zero damages
findings. (3)

 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.
1. See Tex. Transp. Code Ann. § 545.351(b)(2) (Vernon 1999) (An operator "shall
control the speed of the vehicle as necessary to avoid colliding with another person
or vehicle that is on or entering the highway in compliance with law and the duty of
each person to use due care.").
2. The court reporter has provided an information sheet to this Court, which states, "I
have filed all requested portions of the record, which is plaintiffs' testimony and
defendant's testimony."
3. We note that appellants testified at trial that they sustained various physical injuries
as a result of the collision and the trial court indicated to the jury that pre-admitted
documents, likely consisting of medical records and affidavits, would later be
submitted. Although appellants, in their brief, assert that "reasonable and necessary
medical expenses were established through uncontroverted properly admitted medical
record[s] and billing affidavits," the record does not contain any such documents.